CHRISTL, Appellant, vs. HAUERT, Respondent.

*December 6, 1916—January 16, 1917.*

*Automobiles: Collision on highway: Negligence: Statutory speed limit: Questions for jury: Instructions to jury.*

1. The speed at which an automobile might lawfully be driven when meeting another vehicle on a public highway where the traveled track was less than twenty feet wide, was governed by ch. 170, Laws 1915, from the time that act took effect (May 31, 1915) until its repeal on August 20, 1915, by ch. 557, Laws 1915, although a different provision is found in sec. 1636—49a, Stats. (Laws 1913, ch. 138).

2. Upon the evidence in this case the question whether defendant was exceeding the statutory speed limit when his automobile collided with plaintiff's car, is *held* to have been one for the jury.

3. A requested instruction upon the ultimate question of liability, which informs the jury as to the effect their answer to a question in the special verdict will have upon the final result, should not be given.

4. Where, in charging the jury as to the burden of proof upon the question whether defendant was guilty of negligence, the trial court misquoted the question by inserting the word "contributory" before the word "negligence," the error is *held* harmless.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

Action to recover damages for personal injuries resulting from the collision of two automobiles on the highway June 11, 1915. The facts were that at about 10:30 o'clock p. m. of that day the plaintiff at Appleton, with two male companions, hired from one Steidel a taxicab and driver to take them to Menasha, a few miles away, where a street carnival was then in progress. The highway between the two cities is much used. It runs west for a mile from Appleton to Gmeiner's Corners, where it turns and runs south. The traveled track is fourteen feet in width and is constructed of concrete from Appleton to a point about 500 feet from said corners, where it changes to macadam of the same width, and on each side of this roadway is a shoulder of dirt or clay sloping into the gutter. Just as the plaintiff's car going west left the concrete portion of the road it passed the automobile of one Nye, which was standing on the south side of the road headed toward Appleton. At that time the defendant's automobile, driven by himself, was approaching from the west and headed toward Appleton. About sixty feet west of the Nye car the collision occurred between the two cars. Plaintiff claims that the defendant was on the north or wrong side of the highway at the time, but defendant claims that he was on the south side of the highway and that plaintiff's car, after passing the Nye car, turned to the south side of the highway and struck defendant's car on the left side. There was conflicting testimony as to the speed of the two cars at the time of the collision. The plaintiff's car was turned over and plaintiff was thrown under it, suffering some injuries. A special verdict consisting of five questions was submitted to the jury, the inquiries being (1) whether the defendant was negligent at the time, (2) if so whether such negligence was the proximate cause of plaintiff's injury, (3) whether the plaintiff was guilty of contributory

negligence, (4) if so whether such negligence was a proxi-
mate cause of plaintiff's injuries, and (5) what damages were
suffered by the plaintiff. The jury answered the first ques-
tion in the negative, and did not answer the second, third,
or fourth questions, but assessed the damages at $500.

A motion for judgment in favor of the plaintiff notwith-
standing the verdict was overruled and the court entered
judgment for the defendant upon the verdict, and the plaint-
iff appeals.

For the appellant there was a brief by *Ryan, Cary &
Frank,* and oral argument by *T. H. Ryan.*

For the respondent there was a brief by *Martin, Martin
& Martin,* and oral argument by *P. H. Martin.*

Winslow, C. J. The appellant's principal contention is
that a verdict in his favor should have been directed because
it is undisputed that the defendant was exceeding the stat-
utory speed limit at the time of the accident.

Ch. 170 of the Laws of 1915 was in force at the time of the
accident (though repealed August 20th following by ch. 557
of the laws of the same year), and this law provided that
upon meeting any other automobile on a public highway
where the traveled track is less than twenty feet in width,
the driver of an automobile should reduce his speed to a rate
not exceeding fifteen miles an hour. This doubtless gov-
erned the situation here, although a different provision is
found in sec. 1636—49a, Stats. (Laws 1913, ch. 138). The
claim is that the defendant himself testified that he was pro-
ceeding at a speed exceeding fifteen miles an hour, and is
bound by the admission. We do not think the court would
have been justified in so holding. It is true that the defend-
ant testified that he was going eighteen to twenty miles an
hour when he rounded the Gmeiner curve, but he also testi-
fied that after rounding the curve he went east about fifteen
or eighteen miles an hour all the way down; that he passed

some boys about 100 feet from the place of collision and then saw that the Steidel car was coming fast and slacked up; that he was going between fifteen and sixteen miles an hour when he first observed the speed of the Steidel car. He also testified that he did not look at his speedometer. It must be remembered that the question of the speed was entirely a question of judgment, and we do not think it can be said that the defendant's testimony is so clear upon the question as to justify the court in taking the question from the jury. Furthermore, a disinterested witness, one Bauerfein, who was walking on the highway between Gmeiner's curve and the scene of the accident and was passed by the defendant's car, testified that in his judgment it was going between twelve and fifteen miles an hour.

The plaintiff requested an instruction to the effect that where two persons are guilty of negligence resulting in injury to a third, the fact that one is negligent does not relieve the other from liability, for the law is that recovery may be had from either; therefore, if the injury was caused by the independent and concurring negligence of Hauert and Steidel, the first question must be answered "Yes." It is sufficient to say that this is an instruction upon the ultimate question of liability and informs the jury of the effect of their answer upon the final result, and hence was properly refused in a case of special verdict like the present. *Banderob v. Wis. Cent. R. Co.* 133 Wis. 249, 113 N. W. 738. The court in charging the jury upon the first question as to the burden of proof quoted the question and in so doing inserted the word "contributory" before the word "negligence," so that it read, "Was the defendant guilty of *contributory* negligence at the time of the collision in question?" We cannot imagine that this slight error in verbiage was harmful. The jury had the correct written verdict with them in the consultation room and it is almost fanciful to suppose that the insertion of the word by the judge in reading his instruction would be remem-

bered by the jury or that any significance would be given to it by the jury even if it were remembered.

A criticism of the charge as to the elements of damage in considering the fifth question becomes immaterial in view of the conclusions reached upon the other questions.

*By the Court.*—Judgment affirmed.