MARGUERITE POULIN EUKERS, ADMINISTRATRIX, *vs.* FRANK SUMMER ET AL.

First Judicial District, Hartford, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued October 3d—decided November 7th, 1929.

*James W. Carpenter,* for the appellants (defendants).

*Edward J. Daly,* with whom was *James F. Deegan,* for the appellee (plaintiff).

BANKS, J. Plaintiff's intestate, an officer of the State Police, was killed as the result of a collision between his motorcycle and a car of the defendants. The defendants appeal from the denial by the court of their motion to set aside a verdict in favor of the plaintiff and for claimed errors in the charge of the court. There was evidence from which the jury could reasonably have found the following facts: The accident occurred in front of the Bascom Lodge, a roadside store in the town of Glastonbury on the east side of the New London turnpike. The highway at this point is of concrete eighteen feet wide and there is a level dirt space nine feet and eight inches wide between the easterly edge of the concrete and the porch of the Lodge. South of the Lodge the highway turns to the east and descends a hill and a person approaching on a motorcycle from the south could not see or be seen by a person in a car in front of the Lodge beyond a distance of one hundred and twenty-nine feet. O'Shea, the driver of defendants' car, came out of the Lodge, where he had gone upon an errand, got into the car, which was standing upon the dirt space east of the concrete road facing south, and started to drive across the road at an angle of about thirty degrees to get on his right side of the road going south, at the same time looking back and talking with some girls who were

upon the porch of the Lodge. Plaintiff's intestate was approaching from the south upon his motorcycle on his right-hand side of the concrete road at a speed of about thirty miles an hour and came over the brow of the hill where the defendants' car could be seen by him starting across the road one hundred and twenty-nine feet away. He turned to the left to avoid a collision, but O'Shea, warned by a companion in the car of the approach of the motorcycle, became confused and stepped on the accelerator instead of the brake, driving the car across the road where it came into collision with the motorcycle at a point just west of the center line of the highway.

There can be no question as to the negligence of the driver of defendants' car. The defendants maintain that the evidence does not justify a conclusion that plaintiff's intestate was in the exercise of due care. The defendants' contention is that the evidence establishes that their car had reached the center of the highway when the motorcycle came over the brow of the hill and that plaintiff's intestate, had he been keeping a proper lookout, should have seen it at a distance of one hundred and twenty-nine feet and could have avoided a collision by slackening his speed or passing to the rear of defendants' car. There were two eyewitnesses of the accident produced by the plaintiff. Neither of them attempted to fix the exact location of the defendants' car when the motorcycle came into view, but their evidence justified the conclusion that it had just started up and turned from the dirt shoulder upon the concrete and was proceeding to cross to the other side of the road. As plaintiff's intestate came over the brow of the hill at a speed of thirty miles an hour he could see defendants' car starting across the road one hundred and twenty-nine feet away and had just about three seconds in which to decide whether to

attempt to stop, turn to the right or turn to the left to avoid a collision. He chose the latter course, and we cannot say as a matter of law that that was negligence. In fact, if O'Shea had not "stepped on the gas," plaintiff's intestate would probably have passed in front of him. The speed at which he was operating his motorcycle, and whether that speed was under all the circumstances a reasonable one, were questions of fact for the jury. The court did not err in refusing to set aside the verdict.

Exception is taken to the court's charge that O'Shea, in crossing the road from his left to his right-hand side, was subject to the rights of traffic approaching him from the opposite direction and that he must use "particular care and diligence to see that he did not interfere with that traffic." O'Shea was on his wrong side of the road and that situation required that he use particular care and diligence in crossing the line of traffic from the south, which under the circumstances was no more than reasonable care required of him. The statement in the charge that if the jury found that O'Shea's attention was more attracted to the girls on the porch of the Lodge than to the way in which he was going they would find that he was not paying that attention to his car which he should have been under the circumstances did not go beyond the bounds of fair comment upon the evidence. The appellants also criticise the charge generally for its failure to apply the law of contributory negligence and proximate cause to the facts of the case, and particularly to the claims made by the defendants. They claim that they were entitled to a clear-cut statement that if the accident happened as claimed by them there could be no recovery. The court charged the jury in an unexceptionable manner as to the duty of a plaintiff to exercise due care and that if his failure to do so materially or essentially

contributed to his injury he could not recover; likewise that the negligence of a defendant, in order to form a ground of recovery, must be the proximate cause of the injury alleged, and gave the jury the usual definition of proximate cause. In applying this statement of the law to the facts of the case it told the jury that, even though Eukers may have been on his right side of the highway and proceeding at a reasonable rate of speed, he must use the highway with due care for the rights of others and with a view to using due precautions to meet the exigencies of traffic, and that there could be no recovery unless the plaintiff had proved that under all the circumstances he was in the exercise of due care. The situation disclosed by the evidence was not one which required a further exposition of the doctrine of proximate cause, and we cannot say that the charge as a whole did not furnish proper guidance to the jury in reaching a correct verdict in the case.

There is no error.

In this opinion the other judges concurred.