LARDEAU, Respondent, vs. JOHNSON, Appellant.

*January 12—February 10, 1931.*

510

*I. J. Alk* and *James H. McGillan,* both of Green Bay, for the appellant.

For the respondent there was a brief by *Lewellen, Chadek & Cornelisen* of Green Bay, attorneys, and *Rouiller & Dougherty* of Milwaukee of counsel, and oral argument by *Frank Cornelisen* and *Vern C. Lewellen.*

FAIRCHILD, J.   The responsibility for the collision in this case rests upon respondent.   After deciding to cross over to the left side of the highway and before attempting to do so, it was his duty to find an opportunity sufficiently clear so that in the exercise of ordinary care he could cross with-

out creating a condition dangerous to others as well as to himself likely to result in injury. We find a standard by which to measure his conduct in the statutes forbidding him to drive to the "left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety." Sec. 85.01 (9), Stats.

The respondent seems to feel that his rights are to be analyzed from the viewpoint of one passing through an intersection of highways and cites such cases as *Werner v. Yellow Cab Co.* 177 Wis. 592, 188 N. W. 77. The distinction between such case and this one is apparent. At highway crossings indications readily suggest to one approaching the likelihood of some one crossing his path. Here no one but respondent knew or had reason to suspect his intention to leave the right side of the road and enter into the pathway of the appellant.

The uncontroverted evidence shows respondent guilty of a want of ordinary care in the management of his automobile in entering upon the left side of the highway which caused the injury to himself and to the appellant. Respondent thinks he was opposite the driveway of the premises he was intending to visit. The evidence shows this to be a guess. The accident has affected him to such an extent that it is difficult for him to recall some things. Just where he turned may not be of much importance in determining his liability under the circumstances, but the conclusive evidence on this point shows that in moving over into the left side of the highway his machine was headed easterly and northerly as against a direct turn to the north. Evidently he intended to drive into the premises between the telephone pole and the fence, this resulting in his moving gradually in a diagonal course instead of a right-angle turn to the left.

, Every element calling for the regulation prescribed by sec. 85.01 (9) is present in the situation under consideration. Here we have two cars destined to meet within a few seconds. Each, under the circumstances there present, having a right to travel at least forty miles an hour, one suddenly projects itself into the path of the other. This is negligence on the part of the driver of the interfering car. The respondent ought to have waited, and had he kept a proper lookout and acted reasonably the injuries to himself and to appellant would not have occurred. He knew, or should have known, that he was creating a dangerous situation, one which the appellant could not have anticipated. It is equally manifest that appellant was proceeding lawfully and in a manner which absolves him from a charge of failure to exercise ordinary care. Some conjecture of the respondent as to the appellant's speed is in the record. It is based on a glance some time before he started to cross the highway. His testimony that he was hit instantly upon starting over the center line, the marks on the pavement, and condition of the machines, all show that it was impossible to avoid the collision the instant he turned into the path of appellant's car. Up to the time respondent started to turn appellant had no duty to anticipate that respondent was about to change his course and had the right to assume that respondent would observe what was plainly to be seen and would keep to the proper side of the highway. Appellant was under no obligation to change his speed, assuming it, as the evidence indicates, to be lawful, until the respondent had done some act which ought to have apprised appellant of his intention to cross over the highway to the north.

Under the facts in this case the trial court should have held as a matter of law that the respondent was guilty of negligence in failing to keep a proper lookout and in turning to the left to cross the line of travel of appellant's automobile. The appellant was entitled to his motion to change

the answers to questions of the special verdict affecting his negligence and the negligence of the respondent accordingly. This results in the right to appellant to recover his damages on his counterclaim as fixed by the jury.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint and enter judgment upon the counterclaim in favor of appellant.