GAUTHIER, Respondent, vs. CARBONNEAU and another, Appellants.

*December 8, 1937—January 11, 1938.*

528

530

*Vilas H. Whaley* of Racine, for the appellants.

For the respondent there was a brief by *Thompson, Myers & Helm,* attorneys, and *J. C. Wilbershide* of counsel, all of Racine, and oral argument by *Mr. Samuel P. Myers* and *Mr. Wilbershide.*

NELSON, J. The action is grounded upon a collision between a motorcycle driven by the plaintiff and an automobile owned by one Albert ·Wirry, but operated at the time of the accident by Carbonneau, hereinafter called the "defendant." The collision occurred on October 5, 1935, at about 11:30 o'clock in the forenoon. Shortly before the accident the

automobile was being driven in a westerly direction on Spring street in the city of Racine. The collision occurred near the westerly city limits. The immediate destination of the people in the automobile was the Hanson residence situated on the south side of Spring street. In the automobile were a couple who had just been married, the bridesmaid, and the defendant, who was the best man. At the time the automobile was about to turn across the highway into the Hanson driveway, the plaintiff was approaching from the opposite direction. The defendant and the plaintiff each observed the other's approach. The defendant slowly turned across the highway toward the Hanson driveway. The plaintiff, apparently, upon discovering that the defendant was turning in front of him, became somewhat confused. He, apparently, first decided that he could safely go in front of the turning automobile. When that course appeared to him to be unsafe and impracticable, he turned his motorcycle to the left intending to pass to the rear of the automobile. In attempting so to pass he collided with the rear right fender of the automobile, lost control of his motorcycle, and was thrown some distance. He sustained serious injuries as a result of the collision. Other facts will be stated in discussing the contentions of the defendants.

The defendants first contend that there is no credible evidence in the record that sustains the finding of the jury that the defendant failed to exercise ordinary care in crossing over the left side of the highway to enter the private driveway, and that the trial court therefore should have changed the jury's answer. The defendant testified that at the time he started to turn to the left the plaintiff was about one hundred fifty feet away. The plaintiff, on the other hand, testified that when the defendant started to turn across the highway he was only ninety to one hundred feet away. The jury therefore had a right to believe that the defendant did not

start to turn over the black line until the plaintiff was about ninety feet away from him. The plaintiff was traveling at a speed estimated by him and several other witnesses to be between twenty-five and thirty miles an hour. The defendants' witnesses estimated his speed to be considerably greater. Notwithstanding the fact that the plaintiff was approaching and was so close upon the defendant, the latter proceeded to make the turn at a comparatively slow rate of speed. Had the defendant stopped the automobile so as to permit the plaintiff to pass, or had he accelerated its speed so as to be over the left side of the highway before the plaintiff was so close to the automobile, the collision in all probability would not have occurred. We are further urged to hold that the defendant was not negligent because he did not violate the provisions of sec. 85.17 (2), Stats., which provides:

"The operator of a vehicle intending to turn to the left at an intersection *or into a private driveway* shall make such turn from the traffic lane immediately to the right of and next to the center of the highway and shall pass immediately to the left of the center of the intersection, passing as closely as practicable to the left of the center of the intersection, and shall leave the intersection immediately to the right of the center of the intersecting highway.".

The defendant did make the turn into the private driveway from the traffic lane immediately to the right of and next to the center of the highway. But, because he did that, it does not follow as a matter of law, that he exercised ordinary care in making such turn. Obviously, one may make a left turn into a private driveway from the traffic lane immediately to the right of and next to the center of the highway and still fail to exercise ordinary care under the circumstances of a given case. The care exercised by the great mass of mankind in making a left turn into a private driveway would seem to require that such a turn be not made in the face of an approaching automobile or motorcycle which, at the time, is

less than one hundred feet away and traveling at a speed of say twenty-five miles an hour. Since the plaintiff was approaching the defendant's automobile at a speed estimated to be between twenty-five and thirty miles per hour, and since the jury had a right to believe that, when the defendant started to make the turn, the plaintiff was only ninety to one hundred feet away, it is clear that the question of defendant's failure to exercise ordinary care in so turning was for the jury to determine. The refusal therefore of the trial court to change the answer was not error.

The defendants next contend that the plaintiff was guilty of contributory negligence as a matter of law in respect to speed. The plaintiff testified that shortly before the collision he was traveling between twenty-five and thirty miles per hour. Several witnesses made similar estimates. The permissible speed at the place of the accident was concededly not more than twenty-five miles per hour. Several witnesses for the defendants estimated the plaintiff's speed to have been forty to fifty miles per hour. It cannot be held that the plaintiff's speed was accurately proven. Testimony which estimates speed to be between twenty-five and thirty miles per hour does not impel the conclusion that the estimated speed was greater than twenty-five miles per hour. The jury found that the plaintiff did not fail to exercise ordinary care as to speed. In *Christl v. Hauert,* 164 Wis. 624, 627, 160 N. W. 1061, it was said regarding a similar situation:

"It must be remembered that the question of the speed was entirely a question of judgment, and we do not think it can be said that the defendant's testimony is so clear upon the question as to justify the court in taking the question from the jury."

. We are of the opinion that the question of the plaintiff's speed was properly submitted to the jury, and that the estimates that the plaintiff was traveling "between twenty-five

and thirty miles per hour" did not impel a finding, as a matter of law, that the plaintiff's speed just before the collision exceeded that of twenty-five miles per hour.

The defendants next contend that the plaintiff was guilty of contributory negligence as a matter of law in respect to control. Under the facts of this case there can be no merit to that contention. The plaintiff was traveling on his own side of the road and, according to his testimony, was within ninety to one hundred feet away from the defendant when the latter started to turn across the highway. He obviously was confronted with an emergency. The trial court instructed the jury as to the emergency rule, and, as to that instruction, the defendant does not complain. If the plaintiff was only about ninety feet away from the defendant when the latter turned across the highway, the emergency rule, in our opinion, was clearly applicable. To contend that in such a situation one circumstanced as was the plaintiff must adopt, at his peril, the absolutely right course to pursue, would be to require the exercise by him of most extraordinary judgment and care. The plaintiff testified that he could stop his motorcycle within sixty to sixty-five feet while it was being driven at twenty-five miles per hour. On that testimony, the jury evidently found the plaintiff negligent as to not stopping.

The defendants next contend that in any event the negligence of the plaintiff was equal to or greater than that of the defendant, and that the court erred in not changing the percentages of causal negligence attributed by the jury to the plaintiff and defendant. This court has often declined to disturb the jury's findings as to the percentages of negligence attributable to the respective parties, although asserting the power to do so where the percentages found are grossly disproportionate. *Brown v. Haertel,* 210 Wis. 345, 244 N. W. 630; *Cameron v. Union Automobile Ins. Co.* 210 Wis. 659,

246 N. W. 420, 247 N. W. 453; *Zenner v. Chicago, St. P., M. & O. R. Co.* 219 Wis. 124, 262 N. W. 581.

We are of the opinion that the findings of the jury as to the percentages of the total causal negligence attributable to the respective parties should not be disturbed.

The defendants next contend that the court erred in refusing to grant a new trial, (1) because the court refused to admit in evidence a statement signed by John Christopherson, one of the plaintiff's witnesses; and (2) because the court incorrectly instructed the jury.

(1) It appears that some time after the collision a representative of the insurance company interviewed the witness, John Christopherson, while he was at a dentist's office, and reduced his version of the collision to writing. The witness wrote the following on the report:

"I read this four page report myself before signing and it is true and correct, there is nothing more to add,"—

and then signed the statement. The report contained a number of statements which differed materially from his testimony at the trial. The court permitted the defendants' attorney to cross-examine the witness at length in respect to the apparent inconsistencies and discrepancies. No claim is made that the cross-examination was unduly limited. After the cross-examination had been concluded, the signed statement was offered in evidence. Its admission was refused. Just why it should not have been received for impeachment purposes we are at a loss to understand. However, in our view, the error was not prejudicial, since the whole matter of the inconsistent statements in the report were fully gone into on the cross-examination of the witness.

(2) The trial court, in defining the term "burden of proof," as used in the instructions, said:

"When I instruct you that the burden of proof rests upon one party or the other I mean it is incumbent upon such party

to establish the truth of the proposition involved as he or she claims it to be by the preponderance or greater convincing power of the credible evidence in the case."

This instruction, it is asserted, was erroneous. While the instruction was not in accord with the correct definition of "burden of proof," we think it was not so misleading or unfair to the defendants as to amount to prejudicial error. The instruction, apparently, was taken from *Anderson v. Chicago Brass Co.* 127 Wis. 273, 280, 106 N. W. 1077. The instructions given by the trial court in that case were held to be prejudicially erroneous. In discussing the instructions there given it was said:

"In order to entitle himself to a finding in his favor his evidence must not only be of greater convincing power, but it must be such as to satisfy or convince the minds of the jury of the truth of his contention. This idea, in some definite and certain form, must be given to the jury or the instruction will be incomplete and erroneous." (Citing many cases.)

We are of the opinion that, while the instructions were erroneous in not stating in substance that by burden of proof is meant that duty which rests upon a party to satisfy the jury to a reasonable certainty, by a preponderance of the evidence, that a question should be answered, as he contends it should be answered, they were not prejudicial. The court instructed the jury that it was incumbent upon a party to establish *the truth* of the proposition involved as he or she claims it to be by the preponderance or greater convincing power of the credible evidence in the case. In our view, the jury could not have misunderstood what was meant by burden of proof; that such burden was upon the plaintiff to prove the failure of the defendant to exercise ordinary care; and that the burden was upon the defendant to prove that the plaintiff was negligent. We conclude that the instruction was not prejudicial. *Muska v. Apel,* 203 Wis. 389, 232 N. W. 593.

The trial court instructed the jury in respect to Question 5 of the special verdict (which required the jury to determine the percentage of the total causal negligence attributable to each of the parties), as follows:

"The burden of proof as to subdivision (a) of this question rests upon the plaintiff and as to subdivision (b) on the defendant."

Subdivision (a) related to the negligence attributable to the defendant, and subdivision (b) to the negligence attributable to the plaintiff. We are of the opinion that the instruction was not prejudicial. The jury found, in answer to questions submitted to it, that the defendant was negligent in crossing over the left side of the highway to enter the private driveway, and causation; and that the plaintiff was negligent as to stopping, and causation. Prior to the adoption of the comparative-negligence law, the plaintiff could not have recovered on such a verdict since contributory negligence was a complete defense. Since the adoption of the comparative-negligence law, sec. 331.045, Stats., contributory negligence does not defeat the plaintiff's right to recover, unless the negligence attributable to him is as great or greater than the negligence attributable to the defendant. The burden, of course, rested upon the defendant to show that the plaintiff was negligent, but this in itself would not defeat the plaintiff's right to recover. In order to defeat recovery by the plaintiff the burden was upon the defendant to prove, to a reasonable certainty, by a fair preponderance of the evidence, that the plaintiff's negligence was equal to or greater than that of the defendant. *McGuiggan v. Hiller Brothers,* 214 Wis. 388, 253 N. W. 403. Putting a similar burden upon the plaintiff as to the negligence attributable to the defendant was in no sense prejudicial to the defendant.

The defendants next contend that the court erred in its instructions to the jury concerning the obligation of a motor-

ist in making a left turn to enter a private driveway. The court instructed the jury as follows:

"You are instructed that the duty rested on the defendant, Lee Carbonneau, in crossing over the left side of the highway to enter a private driveway to find an opportunity sufficiently clear so that in the exercise of ordinary care he could cross said left side of the highway without creating a condition dangerous to others, as well as to himself, and likely to result in injury. In this connection you are instructed that it is unlawful for the operator of a vehicle to operate it on any portion of the left side of the highway unless such left side is clearly visible and is free from all oncoming traffic for a sufficient distance ahead to permit such operation to be made in safety."

This instruction was doubtless taken from *Lardeau v. Johnson,* 203 Wis. 509, 513, 234 N. W. 710, and was, in our opinion, substantially correct, although it would have been better if the court had omitted so much of the instruction as reads as follows:

"In this connection you are instructed that **it is unlawful** for the operator of a vehicle to operate it on any portion of the left side of the highway unless such left side is clearly visible and is free from all oncoming traffic for a sufficient distance ahead to permit such operation to be made in safety."

In the *Lardeau Case,* the court first stated the correct rule applicable to left turns (not at intersections), and then said:

"We find a standard by which to measure his conduct in the statutes forbidding him to drive to the 'left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety.'"

It was not intended to hold that the language of the statute applicable to overtaking and passing another vehicle proceeding in the same direction, sec. 85.01 (9), Stats. 1927,

now sec. 85.15 (2), was applicable to left turns. The court referred to the statute as furnishing a standard that might be applied by analogy to the conduct of one who invades the left side of the highway, in making a left turn other than at an intersection. The phrase, "passing to be made in safety" does not mean that a driver may not turn across a public highway until the circumstances render the crossing absolutely free from danger. It merely means that the driver must exercise ordinary care,—that care which the great mass of mankind exercises under the same or similar circumstances. .

Complaint is further made that the court erred in instructing the jury regarding a five-sixths verdict. The verdict was unanimous, and no prejudicial error can be grounded upon erroneous instructions relative to a five-sixths verdict when all of the questions are answered unanimously. *Bentson v. Brown,* 186 Wis. 629, 203 N. W. 380; *Waters v. Markham,* 204 Wis. 332, 235 N. W. 797.

The defendants finally complain that the court erred in failing to instruct the jury on the subject of causation. The court instructed as to Question 2 of the verdict as follows:

"If you answer all or either of subdivisions (a) and (b) of Question 1, 'Yes,' then answer this question: Was such failure of the defendant, Lee Carbonneau, to exercise ordinary care a cause contributing to the collision and the resultant injuries and damages, as to the subdivisions of that question."

The defendants contend that there was no definition or instruction regarding "cause contributing to the collision," that the court did not confine the instruction to a proximate or efficient cause, and that the instruction was sufficiently broad to include a remote cause. The defendants, however, made no request for an instruction defining "a cause contributing to the collision" either before or after the instructions were given. The jury had no evidence to consider that did not relate to the immediate, proximate, and efficient

540

causes of the collision. It found that the failure of the defendant to exercise ordinary care in crossing over the left side of the highway was a cause contributing to the collision, etc., and it also found that the failure of the plaintiff to stop was likewise a contributing cause of the collision, etc. Under the circumstances, we cannot say that the failure of the court to define "a cause contributing to the collision" amounted to prejudicial error.

*By the Court.*—Judgment affirmed.