Argued March 13; affirmed March 26, 1940

BLACK ET AL. *v.* STITH ET AL.

(100 P. (2d) 485)

Department 2.

*Allan G. Carson,* of Salem, and *Donald K. Grant,* of Portland (Maguire, Shields & Morrison, of Portland, Carson & Carson, of Salem, and Donald K. Grant, of Portland, on the brief), for appellants.

*George A. Rhoten,* of Salem (Rhoten & Rhoten, and Brazier C. Small, all of Salem, on the brief), for respondents.

BELT, J. This is an action to recover damages for personal injuries resulting from the collision of two automobiles. From a judgment in favor of the plaintiffs, the defendants appeal.

The collision occurred about 4:30 in the afternoon of May 10, 1938, on the Pacific highway approximately three miles south of the city of Salem. Plaintiffs were driving in a northerly direction on the east side of the highway and defendants were traveling in the opposite direction on the west side thereof. At the place of the accident there was no intersection and the highway extended in a straight line with unobstructed view for a quarter of a mile or more. This modern concrete highway 22 feet in width, together with the well-graveled shoulders, afforded an excellent opportunity to speed.

Defendant Stith, the driver of the Studebaker car, made a left turn across the highway for the purpose of purchasing gasoline at a service station on the east side of the highway. Defendant says that he was traveling about 25 miles an hour when crossing the highway. He states that, after he started to make the turn to the left and had crossed the yellow line in the center of the highway, he first saw the plaintiffs' car about 300 feet distant, traveling between 60 and 70 miles an hour. Plaintiffs assert that they were going only between 40 and 45 miles an hour at such time. The accident occurred on the gravel shoulder at the east edge of the pavement, plaintiff Black having swerved his Dodge car to the right in an effort to avoid the collision. Plaintiff Black, the driver, testified that,

at a distance of 100 to 150 feet, he saw defendants' car make "a partial turn out over to the east side of the highway and go back into the line of traffic" and then the "next thing I knew it was right in front of me."

We think this brief statement of the facts is sufficient for consideration of the questions presented on this appeal.

Error is assigned by reason of the giving of the following instructions to the jury, which for convenience will be marked A and B respectively:

A. "The driver of an automobile intending to turn left across an open highway such as involved in this action, shall yield to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard."
and
B. "A vehicle shall be driven as nearly as is practicable within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

In determining whether the above instructions constitute reversible error, it is entirely proper to consider the following instructions, marked C and D respectively, given by the court:

C. "The driver of any vehicle upon a highway before starting, stopping or turning from a direct line, shall first see that such movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal plainly visible to the driver of such other vehicle of the intention to make such movement."
and
D. "Although it is the law that the driver of any vehicle upon a highway before turning from a direct line shall first see that such movement can be made in safety, the defendants would not be guilty of negligence simply by reason of the fact that the collision

occurred. By using the words, 'first seeing that such movement can be made in safety' the law does not mean that the defendants must actually accomplish the turn safely or be deemed guilty of negligence. They are not to be held as insurers or guarantors of success in their attempts to negotiate the turn. The test to be applied is this: Under the circumstances, would it have appeared to a reasonably prudent person in the position of defendants that he could make the turn?''

■ In our opinion the instructions A and B given upon request of plaintiffs and upon which error is predicated have no application to the facts in this case. As before stated, the collision did not occur at a highway intersection. Instruction A is in the language of subdivision (c) of § 55-2311, Oregon Code Supplement 1935, which applies to a "vehicle turning left at an intersection." Instruction B has no application to a driver of a vehicle turning left *across* the highway: *Lee v. Hoff* (Or.), 97 P. (2d) 715. This instruction is subdivision (b) of § 55-2302, Oregon Code Supplement 1935, pertaining to passing from one lane to another. Instruction C is subdivision (a) of § 55-2309, Oregon Code Supplement 1935, and is applicable. Instruction D is a proper construction of the above statutory rule.

■■ While the statute does not confer upon the plaintiff driver any right of way between intersections, we think it is well established under the common law that he has such right. Of course, this right of the plaintiff driver to proceed must be exercised with care. There is no such thing as an exclusive right to the use of the highway even though the plaintiff is driving on the right side thereof. Defendant driver had the right to turn to the left and cross the highway but, in doing so in front of oncoming traffic, he was obliged to exercise a high degree of care. After all, the test is: What would

an ordinarily prudent person have done under the same circumstances? We think such person would yield the right of way to a car approaching from the opposite direction, unless he had reasonable ground to believe that he could cross in safety. Any other rule would invite disaster: *Lardeau v. Johnson,* 203 Wis. 509, 234 N. W. 710; *Verrill v. Harrington,* 131 Me. 390, 163 A. 266; *McIver v. Allen,* 33 Ariz. 28, 262 P. 5; *Eukers v. Summer,* 110 Conn. 230, 147 A. 671; *Woody v. Utah P. & L. Co.,* 54 F. (2d) 220; Berry on Automobiles (7th Edition) § 2-484; Blashfield's Cyc. of Automobile Law (Permanent Edition) § 1121.

■ While error was committed in giving instructions A and B of which appellants complain, it is not every error which justifies a reversal. In the instant case, we are convinced the evidence established beyond reasonable controversy that the negligence of the defendant driver was the proximate cause of this collision. It may be that plaintiff was driving much faster than 40 miles an hour—most drivers do on that section of highway—but, even so, in the absence of notice to the contrary, he could not reasonably anticipate that any car would cut across the highway at such place. Neither can we say that plaintiff was negligent in swerving his car to the right in an effort to avoid collision. He had few seconds in which to act and, if he erred in his judgment by swerving to the right instead of the left, defendants have slight reason to complain for it was their negligence which created the emergency. The verdict was just. Therefore, we invoke Article VII, § 3, of the Constitution of Oregon, to affirm the judgment notwithstanding the error above mentioned.

RAND, C. J., and BAILEY and LUSK, JJ., concur.