Argued October 17, affirmed October 24, 1951

# SCHUTT *v.* HULL

236 P. 2d 937

*Sidney Lezak* argued the cause for appellant. On the brief were Lenske, Spiegel, Spiegel, Martindale and Lezak, of Portland.

*James Arthur Powers,* of Portland, argued the cause for respondent. With him on the brief were Earle P. Skow and Norman N. Griffith, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and WARNER, Justices.

## LATOURETTE, J.

The trial judge, sitting without a jury, found for defendant in a personal injury case brought by plaintiff who was riding in her husband's car while he

was proceeding in a westerly direction along East Glisan Street near 139th Street outside of the city of Portland. Plaintiff appeals.

Defendant was driving his car in an easterly direction on said Glisan Street, and, while he was attempting to make a left turn into Glendoveer Golf Course, a collision occurred between the two cars. It appears from the record that when plaintiff's husband was about a block away from defendant, he saw defendant making a left-hand turn, his testimony being:

"Q Was he coming right straight toward you at the time?

"A Yes, he was coming up the road and then I seen he was going to make a turn into the golf course.

"Q About how far were you from him when you saw that?

"A About a block or less.

"Q How much of that turn did you observe Mr. Hull make?

"A He was clear in my lane, clear across.

"Q And which direction was the front end of his car facing?

"A Well, into the entrance, facing north.

"Q What did you do when you observed him doing that?

"A Well, I slowed down. I thought he was going to drive on in there and we could just go right on down, but at the last minute he started to turn back."

Before making the left-hand turn, defendant testified that he observed plaintiff's car about a block up the highway and thought he had ample time in which to make the crossing, but, after proceeding about a

foot over the yellow line, he came to the conclusion that he would not have time to make the turn on account of the speed of the car operated by plaintiff's husband and returned to his side of the highway where the collision occurred. His estimate of the speed of plaintiff's car was 60 or 65 miles per hour. There was evidence that plaintiff's car skidded 60 feet before the impact.

Following is the first assignment of error:

"The court erred in finding that the respondent was not negligent in one or more of the particulars charged in the complaint."

Plaintiff argues that:

"The testimony is uncontradicted that respondent failed to signal his intention to turn as required by 115-335(a) O.C.L.A. 1940—

"Mr. Schutt was asked:

" 'Q. At any time as you were approaching Mr. Hull's car did you observe him putting his hand out or signaling with his arm?

" 'A. No signal whatsoever.'

"No evidence was introduced by respondent to rebut this testimony.

"§ 115-335(a) O.C.L.A. 1940 created a positive duty on the part of Hull to give the required signal to warn any car on the road of intention to turn."

Section 115-335(a), O.C.L.A., insofar as applicable, follows:

"* * * The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, * * * and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section plainly visible to the driver of such other vehicle of the intention to make such movement."

■■ Plaintiff contends that defendant was guilty of negligence per se because of his failure to give a signal at the time and place in question. The law does not require a motorist in every instance to give a signal of his intention to make a left-hand turn but only "whenever the operation of any other vehicle may be affected by such movement." Since when the left-hand turn was being effected and plaintiff's car, so far as defendant's version of the distance is concerned, was a considerable distance away and defendant thought that, on account of such distance separating the two cars, he was warranted in believing that he could pass safely to the opposite side of the highway, it would be a question of fact for the court to determine whether or not, under the circumstances, the operation of plaintiff's car would be affected by such movement of defendant's car, and, therefore, whether in fact defendant was guilty of negligence.

Of course, there could be some instances in which a party might be guilty of negligence as a matter of law under the above statute, for example, where a party made a left-hand turn immediately in front of an oncoming car. Such was the situation in *Burnett v. Weinstein*, 154 Or. 308, 311, 59 P. 2d 258, cited by appellant and upon which she relies considerably. In that case defendant "suddenly swung his truck over in front of him, giving, so far as he could see, no signal of his intention so to do." The facts in the instant case are obviously different. See also *Lidfors v. Pflaum*, 115 Or. 142, 205 P. 277, 236 P. 1059.

■ The trial judge made a finding that any carelessness or negligence of defendant did not proximately cause the accident and injury to plaintiff in the following language: "That the accident and injury to

plaintiff did not result through any carelessness or negligence on the part of defendant Wilber B. Hull.'' So that if it were assumed that defendant was guilty of negligence in failing to give a warning signal, such assumed negligence under the court's finding was not the proximate cause of the accident; therefore, the alleged error would be of no consequence, it being elementary that to create liability, even though there be negligence, such negligence must be the proximate cause of the accident.

 The trial judge found ''that the defendant Hull was faced with an emergency and was forced to act in an emergency.'' Plaintiff assigns as error the making of such finding and argues that the emergency doctrine is not available to defendant because the accident was occasioned by defendant's negligence. It is the law that a person cannot invoke the emergency doctrine if the emergency is created by his own negligence. The negligence .claimed in this case was the failure on defendant's part to give plaintiff warning of his intention to make a left-hand turn. Since the court found on substantial evidence that defendant was free from negligence, such finding of an emergency was proper. In any event, such emergency finding was immaterial since defendant was absolved from liability by the court's finding that he was not negligent, and, further, that any negligence on the part of the defendant was not the proximate cause of the accident. Affirmed.