Argued January 18, affirmed February 8, 1956

# BRINDLE *v.* McCORMICK LUMBER & MFG. CORPORATION ET AL

293 P. 2d 221

John F. Conway, Portland, argued the cause and filed a brief for appellant.

John L. Schwabe, Portland, argued the cause for respondents. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

LUSK, J.

This is an appeal from a judgment for the defendants in an action to recover damages for personal injuries.

The alleged accident involved a Chevrolet sedan

driven by Robert Brindle and in which the plaintiff, his wife, Mrs. Christy Brindle, was riding as a passenger, and a log truck and semi-trailer loaded with logs operated by the defendant, Frederick Baller, on behalf of its owner, McCormick Lumber & Mfg. Corporation, a corporation. The complaint contained numerous charges of negligence on the part of the defendants. The defendants' answer was a general denial.

The evidence on behalf of the plaintiff, briefly stated, is to the following effect: On the morning of June 2, 1952, the plaintiff and her husband were proceeding in their automobile on Highway 99 West in a southwesterly direction, and, as they were crossing a bridge about a mile and a half northeast of the city of McMinnville, the log truck of the defendants overtook and commenced to pass them. As the plaintiff's car was leaving the bridge the log truck cut in ahead of it so closely that Mr. Brindle was forced to veer suddenly to the right onto the shoulder of the highway in order to avoid collision with the rear end of the load of logs and then to turn sharply back to the left in order to regain the pavement. During that operation the plaintiff was thrown about in the car and her shoulder struck the right door and she was injured. The defendants introduced evidence tending to show that they had no knowledge of the accident and that the log truck was not at the scene of the accident at the time of its occurrence.

Among other specifications of negligence in the complaint it is alleged that defendants were negligent "In carelessly and negligently driving said truck and semitrailer upon said highway by suddenly and without any warning or signal overtaking and passing the automobile in which the plaintiff was a passenger and thereupon suddenly cutting in sharply to the right

hand side of said highway and forcing the automobile plaintiff was in off the highway.''

The foregoing charges a violation of ORS 483.310 (1), which reads:

"The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.''

The first assignment of error is directed to the ruling of the court which struck from the complaint the following specification of negligence: "1. In failing and neglecting to yield the right of way to the automobile in which plaintiff was a passenger.'' The court also refused to give an instruction requested by the plaintiff submitting to the jury the question of whether the defendants were negligent in failing to yield the right of way.

In ORS 483.020 right of way is defined as "the privilege of the immediate use of the highway.'' In a sense, therefore, any collision between two motor vehicles which occurs as the result of one of them occupying a part of the highway to which the other is entitled at the moment may be said to be caused by a failure to yield the right of way. In that broad general sense this would be true of a headon collision resulting from one automobile being on the wrong side of the road. In such a case the car on the right side, it might be said, had been deprived of the right of way. Yet we do not ordinarily speak of such accidents as due to a failure to yield the right of way. This is because other rules of the road specifically apply.

■ This court has held that there is a common-law right of way applicable to the operation of motor vehicles upon the highways of the state. *Blaylock v.*

*Westlund,* 197 Or 536, 254 P2d 203; *Black v. Stith,* 164 Or 117, 121, 100 P2d 485. The cases cited have to do with the duty of a motorist making a left-hand turn between intersections in the face of approaching traffic. In *Valdin v. Holteen and Nordstrom,* 199 Or 134, 157, 260 P2d 504, it was contended that an allegation in a complaint that the defendant failed to yield the right of way justified an instruction submitting the issue of whether the defendant violated the provision in ORS 483.310 (2) that the driver of an overtaken vehicle "shall not increase the speed of his vehicle until completely passed by the overtaking vehicle." We held that it did not, and that the allegation in question "as a specific act of negligence, could refer only to the act of defendants in turning to the left while plaintiff was in the act of passing, and not to an increase of speed."

■ In several sections of ORS the rights and duties of motorists and of pedestrians, as well, are expressed in terms of right of way: 483.130, relating to traffic controlled by traffic control signals; 483.202, drivers approaching highway intersections; 483.206, drivers entering into a public highway from a private road or drive; 483.210 and 483.212, the respective rights and duties of motorists and pedestrians. Where violation of any of the specific duties defined in these statutes appears, it is, of course, appropriate to instruct in the language of the statute.

■■ But in a case such as this an instruction on right of way is unnecessary and could be confusing. Indeed, the complaint is tautological in that the allegations that the defendants were negligent in failing to yield the right of way and in "cutting in sharply to the right hand side of said highway and forcing the automobile plaintiff was in off the highway" come to the

same thing. The only violation of plaintiff's right of way of which defendants could have been guilty under the evidence was the commission of the specific act thus alleged. This would have been a violation of ORS 483.310 (1), above quoted, and an instruction based upon this statute was all that was required with regard to this issue. While there were other charges of negligence, this was the crucial question in the case. The court in its instructions read this provision of the statute to the jury and advised them that its violation was negligence per se, and, in particular, that if the log truck was driven in the manner charged, that is, if it cut in sharply to the right-hand side of the highway and forced the automobile in which the plaintiff was riding off the highway, that would be negligence as a matter of law. An instruction on right of way would have added nothing to the force of the instructions given, and the refusal of such an instruction could not possibly have injured the plaintiff.

We are, therefore, of the opinion that the assignment of error lacks merit.

The only other assignment of error is based upon an exception taken by the plaintiff to the following instruction given by the court:

"It is the duty of Mr. Brindle, the driver of the car in which the plaintiff was riding, to exercise ordinary care and it was the duty also of Mr. Brindle to have his car under proper control and to keep a proper lookout for traffic, and if you find that Mr. Brindle did not do this and as a proximate and sole result thereof this accident happened, then the plaintiff cannot recover and your verdict must be for the defendants."

■■ The argument in support of the assignment is two-fold, to-wit: That the instruction is abstract be-

cause there was no evidence that Mr. Brindle did not have his car under control or that he did not keep a proper lookout, and there is no allegation in the answer that plaintiff was guilty of contributory negligence. We think that the evidence raises an issue of fact as to whether the driver of the car in which the plaintiff was riding was negligent in the particulars stated, especially as there was dispute in the testimony as to whether the defendants' motor vehicle had anything to do with the accident and plaintiff's injury. The jury could have found that the log truck did not overtake or pass the Chevrolet at all. As to the other point, the instruction does not deal with contributory negligence, but the negligence of plaintiff's husband. If that was the sole proximate cause of the accident, then the defendants were not negligent as alleged. As we held a week ago, under a general denial the negligence of a third party, for which the defendant is not responsible, may be shown to have been the proximate cause of an accident. *Whisnant v. Holland*, 206 Or 392, 292 P2d 1087.

The judgment is affirmed.

Tooze, J., did not participate in this decision.