Argued June 8, affirmed June 23, 1965

# RAY *v.* ANDERSON ET AL

403 P. 2d 372

*Thomas Cavanaugh,* Portland, argued the cause for appellants. With him on the brief were Vergeer & Samuels, Portland.

*James L. Hannam,* Portland, argued the cause for respondent. With him on the brief was Jack R. Hannam and John P. Ronchetto, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

HOLMAN, J.

Defendants have appealed from a judgment in favor of plaintiff for damages for personal injuries arising out of an accident between vehicles driven by plaintiff and the defendant Lee. Plaintiff's car was parked at the west curb facing south on Southeast 82nd Street in the City of Portland. As plaintiff drove away from the curb her vehicle was hit by the defendants' which was being operated in a southerly direction.

Defendants contend plaintiff was negligent as a matter of law because she did not first see that her movement in starting and turning from the curb could be made with safety nor did she give a signal as warning of her intent.

ORS 483.126(1) provides in part as follows:

> "The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety.  *  *  *"

Plaintiff testified that before driving from the curb she looked to the rear and saw defendants' vehicle approaching at a distance of from 200 to 300 feet. There was evidence from which it could be found that defendants' vehicle was being operated at a speed of 45 to 50 miles per hour. The indicated speed for the area was 35 miles per hour.

■■ By requiring that a person, before starting, stopping, or turning from a direct line, must first see that the movement can be made with safety, the statute does not mean that the person takes this action at his peril. If, upon looking, it would appear to a reasonably prudent person that such action could be safely taken, he would not be guilty of negligence as the statute would not be violated. Whether this was the

situation was, under the evidence, a question for the jury.

The statute further provides: "* * * Whenever the operation of any other vehicle may be affected by such movement * * *" a signal is required. Plaintiff admits that she did not signal before driving from the curb onto the traveled portion of the street. The law does not require a motorist in every instance to give a signal of his intention: *Schutt v. Hull,* 193 Or 18, 22, 236 P2d 937 (1951). Whether, under the circumstances, defendants' vehicle was so close at the time plaintiff drove from the curb that it would appear to a reasonable person that the operation of defendants' vehicle would be affected by the movement of plaintiff's vehicle and a signal thus required was a question for the jury. Plaintiff, in the absence of notice to the contrary, or until by the exercise of due care she should have known to the contrary, had a right to presume that defendants' vehicle was being operated at a speed in conformance with the law: *Walker v. Penner,* 190 Or 542, 556, 227 P2d 316 (1951).

There being substantial evidence on which the jury could base their findings with regard to both questions, we do not disturb the jury's findings.

The court took from the jury's consideration defendants' claim that plaintiff was negligent because she failed to yield the right of way to defendants' vehicle. This is charged as error. Defendants claim they had a common law right of way.

This court is committed to the doctrine that a common law right of way exists in favor of an oncoming vehicle which is being met by one making a left turn between intersections across its lane of travel. *Black v. Stith,* 164 Or 117, 100 P2d 485 (1940); *Blay-*

*lock v. Westlund,* 197 Or 536, 254 P2d 203 (1953);
*Fisher v. Reilly,* 207 Or 7, 294 P2d 615 (1956). We
have been unable to find any other situation in which
this court has ever held that a common law right of
way existed. At no time has it held that right of way
was an issue between vehicles traveling in the same
direction. Where such an issue was attempted the
court has refused to recognize it. In *Brindle v. Mc-
Cormick Lbr. & Mfg. Corp.,* 206 Or 333, 293 P2d 221
(1956), it was claimed that a deprivation of right
of way occurred when a vehicle, which had overtaken
and passed another, cut too sharply back into the
right-hand lane of traffic forcing the overtaken ve-
hicle off the road. The court held that a right-of-way
instruction would there be unnecessary and confus-
ing and that an instruction based upon the statute
(ORS 483.310(1)) prohibiting driving back to the
right-hand lane after passing until safely clear of the
overtaken vehicle was sufficient.

In the case of *Valdin v. Holteen and Nordstrom,*
199 Or 134, 260 P2d 504 (1953), it was held that it
was error to instruct on the statute making it un-
lawful to increase the speed of a vehicle while being
overtaken and passed by another vehicle going in the
same direction when there was no allegation of negli-
gence to this effect. Plaintiff attempted to justify
the instruction by claiming that it was proper under
an allegation that defendant failed to yield the right
of way. In rejecting this contention the court said,
at page 157:

> "* * * 'failure to yield the right of way,'
> as a specific act of negligence, could refer only
> to the act of defendants in turning to the left
> while plaintiff was in the act of passing, and not
> to an increase of speed."

The existence of a right of way in that situation was not an issue in the appeal, and the statement by the court quoted above was gratuitous and not a holding that a question of right of way was properly involved. This language was noted in *Brindle v. McCormick Lbr. & Mfg. Corp.*, supra.

◼ The jury in the present case was instructed relative to ORS 483.216(1). It, in effect, provides that before plaintiff was justified in driving from the parking lane into a lane of travel she must first see that such movement could be made with safety. Logically, this must mean that other vehicles in the lanes for travel which are so close that a reasonably prudent person would conclude that their operation would be affected by plaintiff's action have the right of precedence over plaintiff's vehicle. It is our conclusion that an instruction on the statute sufficiently delineated the relative rights of the parties and that a right-of-way instruction was unnecessary and inapplicable.

The judgment of the trial court is affirmed.

O'CONNELL, J., specially concurring.

For the reasons stated in my dissenting opinions in *Dimick v. Linnell*, 240 Or 509, 402 P2d 734 (1965) and *McConnell v. Herron*, 240 Or 486, 402 P2d 726 (1965), I would not regard the violation of ORS 483.126 (1) as significant in the solution of the present case. Hereafter, when this court employs the formula that the violation of a statute is negligence, I shall, yielding to the judgment of the majority of the court, refrain from further comment unless it appears to me that the practice produces an unjust result.

DENECKE, J., joins in this opinion.