Argued January 5, reversed February 24, 1966

## JEPSEN *v.* MAGILL

411 P. 2d 267

*Gerald R. Pullen,* Portland, argued the cause for appellant. With him on the brief were Hershiser, McMenamin, Blyth & Jones.

*Thomas S. Moore,* Portland, argued the cause for respondent. With him on the brief were Maguire, Shields, Morrison, Bailey & Kester.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, DENECKE, HOLMAN, LUSK and SCHWAB, Justices.

LUSK, J.

Plaintiff had a verdict and judgment in a personal injury action based on negligence. The court granted a judgment for defendant notwithstanding the verdict and plaintiff appeals.

The accident occurred in the intersection of Highway 224 and Bartlemay Road in Clackamas County. Highway 224 runs east and west and Bartlemay Road runs north and south. It is a "T" intersection, as Bartlemay Road stops at the south border of Highway 224. Plaintiff was operating a Ford tractor with a plow attached to it in an easterly direction on Highway 224. His tractor was struck from behind by a log truck operated by the defendant as plaintiff was completing a left turn north into Bartlemay Road. The tractor was overturned and the plaintiff was thrown into a ditch on the north side of Highway 224 east of the intersection and sustained injuries as a result.

In support of the court's ruling defendant urges that the uncontradicted evidence shows that plaintiff was guilty of negligence as a matter of law because he failed to give a proper signal for a left turn and failed to keep a proper lookout; and, further, that

there is no evidence that defendant was negligent. We are unable to give our assent to any of these propositions.

The accident occurred at about 9:30 in the morning on September 9, 1963. It was a clear, dry day. Plaintiff had been plowing a field located on Highway 224 about a quarter of a mile west of the intersection and quit to go home for breakfast. His route would take him east on Highway 224 and north on Bartlemay Road. The tractor was his means of transportation. He testified that his speed as he proceeded east on Highway 224—a two-lane highway—towards the intersection was about ten miles per hour. When he was about 150 to 200 feet from the intersection he looked back to see if there was approaching traffic and saw a car about 40 feet to his rear and a log truck 300 to 400 feet behind the car. He thereupon gave a signal with his arm for a left turn and continued to signal until he was within 40 or 50 feet of the intersection. He had been driving in the center of the right hand lane, but upon giving the signal he moved over to the left and "crowded the center line." Upon reaching Bartlemay Road he made a fairly sharp turn, using both hands for that purpose, as "you pretty near have to have both hands on the steering wheel to put it around the corner." At the instant of the collision, the rear wheels of the tractor were off the pavement and the tractor was headed north. The front bumper of the truck collided with the rear wheel and plow of the tractor. Plaintiff was unable to say whether the truck he saw when he looked back was the defendant's truck. All he knew was that "it was a dark-colored truck that hit me," it could have been a light blue and white truck. It could not have been a red truck.

On cross-examination plaintiff testified that the truck he saw could have been as much as 1,000 feet behind the car following him, that he saw no other truck and that he knew that he had plenty of time to make his turn "with this truck that I did see."

Highway 224 is straight and level for a distance of one-half a mile east of the intersection and for approximately the same distance west of the intersection.

The defendant operator of the log truck testified that he saw the tractor ahead of him when he was about half a mile away from it. He passed one car, slowed down until a car meeting him had gone by and then sounded his horn and moved into the westbound lane with the intention of passing the tractor. He estimated his distance from the tractor at that time, variously, at 200, 300 and 400 feet. He saw no signal from the plaintiff. When he was within 20 to 30 feet of the tractor it made a sharp left hand turn directly in front of him. He applied the brakes but was unable to avoid hitting the tractor. When the collision occurred the truck was in the westbound lane of Highway 224. The defendant estimated his distance from the tractor when he was fully in the westbound lane at 200 feet and that the tractor was then "right close to the intersection." His speed, he said, was 35 to 40 miles per hour. Defendant testified that his truck had just been painted, the front fenders were blue, the radiator shell "and everything" was painted white and the bumper had four-inch blue and white stripes.

William Jack Lewis, a witness for the defendant, testified that he was driving his log truck behind that of the defendant at a distance of about 500 feet, that he saw the defendant swing over into the left hand lane as though he was going to pass someone, that

he did not see the tractor, and then "all at once, everything went to the shoulder of the road and all I could see was dust flying." Lewis' truck was painted red.

The foregoing is the substance of the evidence bearing on the question of liability, save for photographs of the vehicles after the accident and testimony of a police officer who investigated it. It is unnecessary to set forth this additional evidence as, even though it might tend in some degree to contradict evidence favorable to the plaintiff, the question to be decided is whether there is any substantial evidence to support the verdict.

█ We consider first the defendant's contention that plaintiff failed to give a proper signal of his intention to turn. The matter is governed by ORS 483.126 (1) and (4) which reads:

> "(1) The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety. If any pedestrian may be affected by such movement the driver shall give a clearly audible signal by sounding the horn. Whenever the operation of any other vehicle may be affected by such movement he shall give a proper signal which is plainly visible to the driver of such other vehicle of the intention to make such movement.
>
> "* * * * *
>
> "(4) The signal required to be given before turning to the right or left shall be given continuously during the last 50 feet traveled by the vehicle before turning."

Defendant argues that, because the evidence shows that the plaintiff's signal for a lefthand turn ceased when he was at least 40 feet from the intersection there was a clear violation of the statute. The argument overlooks important language of the statute and

its construction by this court in *Schutt v. Hull,* 193 Or 18, 236 P2d 937, and followed in *Moudy v. Boylan et al,* 219 Or 448, 457, 347 P2d 983, and *Ray v. Anderson,* 240 Or 619, 403 P2d 372. It is the doctrine of these cases that the signal need not be given in every instance where a motorist turns from a direct line, but only when "the operation of any other vehicle may be affected by such movement," and, unless the evidence is such as to compel the conclusion that the driver could not reasonably have believed that no other vehicle would be affected by the movement (see *Schutt v. Hull,* supra, 193 Or at 22), the issue is for the jury. Here the plaintiff, when 150 to 200 feet from the intersection looked back and saw a truck following him at a distance, under the evidence most favorable to him, of 1,000 feet. He judged that he could make the turn safely, and whether in making that judgment and acting upon it, his conduct was that of a reasonably prudent man in the circumstances, was for the jury and not the court to determine.

The standard applicable to the question of lookout is no different. The statutory duty of a motorist before turning from a direct line to "first see that such movement can be made in safety" is discharged "[i]f, upon looking, it would appear to a reasonably prudent person that such action could be safely taken": *Ray v. Anderson,* supra, 403 P2d at 373. This, also, was a jury question. The jury could have found, though evidently they did not, that plaintiff should have looked a second time before turning, but that, also, was a question of fact, not of law.

There is nothing to the contrary in *Valdin v. Holteen and Nordstrom,* 199 Or 134, 260 P2d 504, or *Voight v. Nyberg,* 218 Or 383, 345 P2d 821, upon which

the defendant relies. The opinion in the former case states the duty of the driver of an automobile to anticipate the lawful passing of vehicles from the rear (199 Or at 154); the opinion in the latter, the duty to keep a proper lookout to the rear, 218 Or at 390-391. The rules announced are undoubtedly correct, but they do not support defendant's contention that it was entitled to a judgment n.o.v., for in both cases it was held that the questions of negligence and contributory negligence were for the jury.

■ There is a suggestion in defendant's brief, based on the vagueness of plaintiff's description of the truck he saw when he looked to the rear that he did not see defendant's truck at all. The only other truck on the road was the one driven by the witness Lewis, which was painted red. Plaintiff testified that the truck he saw was not red. Whether plaintiff saw the defendant's truck, which was several hundred feet ahead of Lewis', was a jury question.

■■ Coming now to the contention that there was no evidence of negligence of the defendant, it should first be observed that it is open to doubt whether that question is properly before us. The sole ground of the motion for a directed verdict was that plaintiff was guilty of negligence as a matter of law. ORS 18.140 provides that the court may on motion render a judgment notwithstanding the verdict "when a motion for a directed verdict which should have been granted has been refused." We would hesitate to say that a court should have granted a motion for a directed verdict on a ground not specified in such motion. Cf. *Smith v. Carleton*, 185 Or 672, 687, 205 P2d 160. Assuming, however, that the question is before us, there is ample evidence of defendant's negligence.

By his own testimony he did not see the signal given by the plaintiff and the jury could have found from this evidence that he was not keeping a proper lookout. It was alleged in the complaint that defendant attempted to overtake and pass plaintiff's tractor without observing that such movement could be made in safety. ORS 483.308 (3) provides: "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction * * * at any intersection of highways, unless such movement can be made in safety." As in the case of the statute prescribing the giving of a signal for a turn, the question whether a motorist may safely pass another motor vehicle at an intersection is judged in the light of the situation as it appears to a reasonably prudent person: *Valdin v. Holteen and Nordstrom,* supra, 199 Or at 153-154, and we think that in the circumstances of this case, the jury might have found that the defendant's conduct in attempting to pass the tractor was not that of a reasonably prudent operator of an automobile.

We conclude that the court erred in granting the motion for judgment n.o.v.

■ With his motion for judgment n.o.v. defendant filed an alternative motion for a new trial, which the court denied. Pursuant to ORS 19.130 (2) defendant has assigned the ruling as error and urges two points. The first point is that the court refused a requested instruction to the effect that plaintiff was negligent as a matter of law in failing to give a proper signal. We have already disposed of this contention. The requested instruction would have submitted to the jury the question of whether such alleged negligence contributed to the happening of the accident. Since the

instruction was in part erroneous the court was not required to give it. Besides, the court instructed fully and clearly on proximate cause as applied to the conduct of both parties and in particular with reference to the charge of contributory negligence.

█ The second point is that the court erred in failing to give the following instruction requested by defendant:

"I instruct you that the duty of a motorist to keep a proper lookout includes a duty to keep a proper lookout to the rear as well as to the front of his vehicle."

The whole matter of lookout was adequately covered by the court's instructions. The jury were informed of the plaintiff's duty when about to make a left turn at an intersection, "to look to the rear and to the side to see that such turn may be made in safety," and of the continuing duty of both parties to keep a reasonable lookout for other vehicles on the highway. The criticism in defendant's brief of the use of the word "look" instead of "lookout" in the former of these instructions is captious.

There was no error in denying the motion for a new trial.

The judgment for defendant n.o.v. is reversed and the cause remanded with directions to reinstate the judgment for the plaintiff.