**BROWN, Plaintiff-Appellant, v. JENNINGS-LAWRENCE COMPANY, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5781.   Decided February 25, 1958.

Lynch & Rosenberry, Charles M. Rosenberry, Jr., of Counsel, Columbus, for plaintiff-appellant.

Vorys. Sater, Seymour & Pease, Russell P. Herrold, Jr., Richard G. Ison, of Counsel, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a personal injury case in which the "assured clear distance ahead" rule is involved.  The record reveals that the plaintiff was operating his automobile on a two-lane country road in a westerly direction at a speed of approximately 45 miles per hour; that about 1000 feet ahead of him he saw the defendant's truck parked in his lane of traffic headed in an easterly direction, one-half of which was on the improved portion of the road and the other half on the berm; that when he was 50 to 100 feet east of the truck, in order to miss the same he swerved his car to the left and proceeded at the same rate of speed; that when he was even with the front end of the truck he observed a surveyor's transit and tripod standing in the middle of the road about even with the rear end of the truck.  He was then unable to avoid hitting the same, the legs of which were three feet apart and upon

which was mounted a transit, the total height of which was approximately four feet. The damages complained of resulted from the collision of the plaintiff's car with the tripod and transit. The accident occurred at about 9:45 A. M. on a cloudy day with the sun occasionally appearing through the haze. Visibility was at least 1000 feet, for the plaintiff testified that he first saw the truck from this distance. His explanation for not seeing the tripod sooner was given on cross-examination. At page 172 of the record he testified as follows:

"Q. And you swerved out to the center of the road that was the first time you saw the transit?

"A. I didn't see the transit until I was practically on it, because I was watching this car, I didn't know what it was going to do, I thought may be it was going to pull out in front of me."

At page 179:

"Q. This transit as you tell us was about four and one-half feet off the ground, it was about eight or ten inches in diameter, the transit itself, you stated you didn't see it until you were five or six feet away from it; I am asking you why is it you could see a post and a mail box on it at a distance of a thousand feet the other day, when you couldn't see a transit four and one-half feet off the ground until you were five or six feet away from it in November, 1954.

"A. Well, November, 1954, I had my eye on this truck, I wasn't looking for a transit setting in the road.

"Q. Do I understand your testimony then that this truck out on the road was obstructing your view of the transit?

"A. In a way it was detracting my vision.

"Q. You were driving down the road, as I understand your testimony, you saw this truck at a distance of about a thousand feet away from it, you continued on down the road, you noticed that this truck was stationary, it was parked, that half of it at least was on the pavement?

"A. That is true."

At the conclusion of the plaintiff's case counsel for the defendant moved for an instructed verdict for the reason that the plaintiff's evidence when considered in its most favorable light disclosed a violation of the assured clear distance ahead statute. Sec. 4511.21 R. C. This motion was sustained, a verdict was returned, judgment entered and motion for a new trial was overruled. Counsel for the appellant argue that the court erred in sustaining the motion at the close of the plaintiff's case, for the reason that the answer, in addition to being a general denial, alleged contributory negligence on the part of the plaintiff, citing, McFadden v. Transportation Co., 156 Oh St 430. This case differs from the case at bar for the reason that in the cited case no negligence of the plaintiff appeared from the facts presented on behalf of the plaintiff. Under such circumstances the burden of proving contributory negligence rested upon the defendant. There was no burden upon the plaintiff of proving his freedom from contributory negligence and in that case the court properly stated that the burden of proving the same rested upon the defendant. But in our case the plaintiff's own evidence

raised a presumption of a violation of the "assured clear distance" statute. Such a violation constitutes negligence per se. Glasco v. Mendelman, 143 Oh St 649; Gumley v. Cowman, 120 Oh St 36; Skinner v. Pa. Rd. Co., 129 Oh St 69; Smiley v. Arrow Spring Bed Co., 138 Oh St 81; Winkler v. City of Columbus, 149 Oh St 39.

In the McFadden case, supra, the court stated that its prior decisions on the "assured clear distance ahead" rule established that the operator of a motor vehicle has violated the statute if, (1) the object with which his vehicle collided was located ahead of him in his lane of travel, and (2) that such object was reasonably discernible, and (3) that the object was (a) static or stationary, or * * .*. The plaintiff's evidence definitely established that (1) the object with which he collided was in his lane of travel, and (2) that it was static or stationary. The only remaining question is whether or not the object with which the plaintiff collided was reasonably discernible, counsel for the plaintiff urging that it was not. Whether or not an object is discernible may be a factual question if it is properly raised by the evidence. In the McFadden case, at page 442, the court defined the term, to wit,

"The word 'discernible' ordinarily implies something more than 'visible. 'Visible' means perceivable by the eye whereas 'discernible' means mentally perceptible or distinguishable,—capable of being 'discerned' by the understanding and not merely by the senses."

From this definition we conclude that the tripod and transit was a discernible object, but whether or not it was discernible from that distance within which the plaintiff could bring his car to a stop depended upon the evidence. Upon this question there is nothing other than that the plaintiff failed to see the obstacle until he was within eight feet of it. The evidence discloses no intervening causes which might have prevented it from being discernible, hence it must be concluded that the object remained discernible. It was static, was. in the plaintiff's lane of travel and was certainly visible to any one looking in its direction.

Failure to observe the "assured clear distance" statute may be excused and the legal imputation of negligence per se avoided by establishing that. without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible. Kormos v. Cleveland Retail Creditmen's Co., 131 Oh St 471.

The only excuse offered by the plaintiff was that he was distracted, looking at the parked car and did not see the obstruction until he was within eight feet of the same. Such conduct is not excusable, as he was required to keep a lookout ahead, and the court did not err in instructing the jury to return a verdict in favor of the defendant.

We find no prejudicial error in the record and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.