Argued April 5, reversed June 3, 1965

## DIMICK v. LINNELL

402 P. 2d 734

*Paul E. Geddes,* Roseburg, argued the cause for appellant. On the brief were Geddes, Felker, Walton & Richmond, Roseburg.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Levin & Wilson and Garry Kahn, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Plaintiff, while a pedestrian upon a highway, was hit by defendant's automobile. From a judgment for

plaintiff for damages defendant appealed. The only issue is whether defendant's motion for directed verdict should have been granted on the basis that plaintiff was guilty of contributory negligence as a matter of law.

At about two o'clock on a foggy morning plaintiff decided to try to find a place where he could purchase some cigarettes. He left his home and walked to the Pacific Highway at a point about a mile from the city of Roseburg. At the highway he turned south and walked along its east side for a distance of from two to two and one-half blocks to where he expected to find a cigarette vending machine. Not finding one there, he commenced to retrace his steps, proceeding northerly while remaining on the east side of the highway with his back to traffic in the lane of travel on his side of the road. While so proceeding he was struck from the rear by defendant's automobile which was also proceeding in a northerly direction.

The highway had an uninterrupted white line, referred to in the testimony as a fog line, painted along the easterly edge of its paved portion. Outside of the paved portion was a graveled shoulder estimated by various witnesses to be from three to seven feet in width beyond which was a ditch. Plaintiff remembers nothing subsequent to being at a point on the roadway at the approximate location he was struck. At that time he was from one to two feet outside the fog line on the graveled shoulder. The impact of his body on the front of defendant's automobile was halfway between the center of the hood and the right-hand edge of the vehicle. Defendant was swerving to the left at the time of the impact and from this the jury could conclude he had been occupying the full shoulder of the road.

Plaintiff testified he did not see the approach of defendant's vehicle and there is no testimony that he heard it. Immediately prior to the accident he had seen a car coming from the opposite direction which was "up there quite a ways." There was evidence from which defendant could have been found to have been traveling at a speed of 40 miles per hour.

Defendant claims that plaintiff was contributorily negligent as a matter of law because of his violation of ORS 483.220 which reads as follows:

"Pedestrians, when using any highway outside of incorporated cities, shall use the left-hand side of such highway so as to leave the right-hand side free for vehicles passing in the same direction and and for safety in meeting vehicles proceeding in the opposite direction."

Plaintiff was walking in violation of the statute. The conditions under which violation of a statute will establish responsibility for injuries as a matter of law are as follows: (1) there must be a causal connection between the conduct which violates the law and the injury; (2) the party seeking to charge the other with violation of the statute must be a member of the class of persons intended to be benefited by the legislation; and (3) the harm which occurred must be the kind the statute was intended to prevent. *Smith v. Portland Traction Co.*, 226 Or 221, 225, 359 P2d 899 (1961).

There can be no doubt that the harm which occurred to plaintiff was the kind the statute was intended to prevent. This court, in *Lemons v. Holland*, 205 Or 163, 191, 284 P2d 1041, 286 P2d 656 (1955), said of this statute as follows:

"* * * The primary purpose of ORS 483.220, supra, is to make certain that pedestrians see

approaching traffic proceeding toward them so as to be able to step aside to or remain in a place of safety. * * *"

The statute is for the safety and protection of both the pedestrian and the vehicle operator, and the defendant is therefore one of the class of persons to be benefited by it. Also, one of the expressed purposes of the statute is "to leave the right-hand side free for vehicles passing in the same direction."

Plaintiff urges that there was evidence from which the jury could have found that plaintiff could not have avoided the accident had be been in a position to see defendant's oncoming automobile. He claims the jury could have decided the accident would have happened anyway and, if so, plaintiff's violation of the statute would not have been a cause of the accident and his injuries. Plaintiff suggests that defendant could have approached in a normal manner and when opposite the plaintiff suddenly swerved to the right and picked him off the shoulder before plaintiff could have avoided it. As evidence from which such an inference could be drawn, plaintiff points to defendant's testimony that he was driving down the paved portion of the highway, his testimony that the impact of plaintiff's body on the front of his vehicle was half-way between the center of the hood and the right side, and plaintiff's testimony that plaintiff was on the shoulder of the road. Plaintiff claims that it was physically impossible for defendant to drive down the paved portion of the highway and hit plaintiff with that portion of his automobile while plaintiff was on the shoulder unless defendant swerved to the right and hit him before he swerved in the opposite direction.

An inference that plaintiff could not have avoided the accident could only be drawn from testimony that indicated that the presence of defendant's vehicle on the shoulder was so sudden that had plaintiff been facing in the proper direction to see defendant's oncoming vehicle, he still could not have stepped into the ditch to avoid the accident. There is no such testimony. There was no question of causal connection between plaintiff's negligence and his injury to be submitted to the jury. Plaintiff's negligence was a cause of the accident. Plaintiff is among those who violate a statute and are responsible for consequent injuries.

Plaintiff also contends that he falls within a doctrine of "justifiable violation" discussed in 2 Harper and James (1956) pages 1005-1011 and that this doctrine should be applied. Plaintiff contends the jury could have found that it was more dangerous to cross the highway twice on a dark and foggy night than it was to walk two blocks along its wrong side, and therefore his violation of the statute was justified. We believe that even if this court should decide, in a proper case, to adopt such a doctrine, there are not sufficient facts to justify its application here. The highway was only 33½ feet wide from fog line to fog line and the traffic was light.

We conclude that plaintiff was guilty of contributory negligence as a matter of law and defendant should have been granted the directed verdict for which he moved. The judgment of the circuit court is reversed.

McALLISTER, C. J., specially concurring.

I concur in the result of the majority opinion only because the plaintiff admittedly was walking on the

wrong side of the highway with his back to defendant's approaching car, and there is no evidence from which it could be inferred that plaintiff's failure to comply with the statute did not contribute in some degree to his injury.

SLOAN, J., dissenting.

Plaintiff testified that he was walking on the shoulder of the highway, one or two feet from the edge of the pavement. The shoulder was about three feet wide. Defendant testified that plaintiff was walking in the middle of the north bound lane of traffic. If the jury had seen fit to believe plaintiff's testimony it would follow that the statute relied on by the majority would have had little significance. The jury could have inferred that defendant may have suddenly swerved onto the shoulder.

However, the basic fault of the majority is that it would bar every pedestrian from recovery regardless of how far he may be walking from the paved portion of the highway. I cannot agree with this unequivocal adherence to the statute adopted by the majority here and in *Zahara v. Brandli,* 1939, 162 Or 666, 673, 678, 94 P2d 718. The majority would also foreclose consideration of traffic, weather, visibility and other conditions that may, in a given case, make strict application of the statute irrelevant. The judgment should be affirmed.

O'CONNELL, J., dissenting.

I am of the opinion that the question of defendant's negligence and plaintiff's contributory negligence was for the jury.

The majority opinion finds plaintiff contributorily negligent as a matter of law because he violated a

statute (ORS 483.220). In *McConnell v. Herron,*
decided this day, I have explained why the determina-
tion of a party's negligence as a matter of law should
not be related to the violation of a statute. The present
case illustrates how the adoption of the violation-of-
the-statute formula tends to produce an unsatisfactory
analysis of the real problem in the case.

The reasoning adopted by the majority is decep-
tively simple. It runs as follows. The violation of
ORS 483.220 is negligence per se; plaintiff violated
the statute; therefore plaintiff is contributorily negli-
gent and the case cannot go to the jury. The vice of
this form of reasoning is its assumption that the
legislature has established the standard. The standard
requires a pedestrian to walk on the left side of the
highway. "Highway" is interpreted to mean the
gravelled portion of the road. The negligence of the
pedestrian is established as a matter of law if the
evidence conclusivly shows that he walked with his
back to oncoming traffic.

The problem takes on a different aspect if, as
suggested in my dissenting opinion in the *McConnell*
case, we disregard the statute and identify the standard
which we as a court believe should apply in this case.
Approaching the problem in this way the first question
is whether a pedestrian necessarily fails to exercise
due care when he walks with his back to oncoming
traffic. The pedestrian who walks on the travelled
portion of the highway with his back to the oncoming
traffic subjects himself to much greater danger than
if he walks on the travelled portion of the highway
facing the traffic. There is not this same difference
in danger when a pedestrian walks on the gravelled
portion of the highway.

The amount of care a person on the shoulders of

a highway should be required to exercise should depend in large measure upon what he may assume the non-negligent motorist will do in using the highway. Whether the pedestrian on the unpaved portion of the highway is facing traffic or has his back to it he should be entitled to assume that generally the motorist will not suddenly veer off onto the shoulders unless there is an emergency. If there is such an emergency it is likely that the pedestrian who faces the traffic will have little if any better chance of safety than the pedestrian with his back to the traffic.

In *Kaufman v. Fisher,* 230 Or 626, 371 P2d 948 (1962) we held that when an automobile suddenly veers off the highway the jury is entitled to infer, in absence of evidence to the contrary, that the accident resulted from the driver's negligence. A pedestrian on the unpaved portion of the highway, whether facing or with his back to the traffic, has a right to assume that in the absence of an emergency or the motorist's negligence he will be relatively safe.

When we view the matter in this way it seems reasonable to say that although a pedestrian walking with his back to the traffic on the paved portion of the highway may be negligent as a matter of law, a pedestrian walking on the unpaved portion of the highway with his back to the traffic is not necessarily negligent. There may be a reasonable difference of judicial opinion as to what a pedestrian on the un-travelled portion of the highway is entitled to expect with respect to the motorist's non-negligent conduct. However, whether the entire width of the road or only the paved portion is off limits for the pedestrian walking on the right side of the highway, the conclusion that he has not conducted himself with due care should be reached only after testing his conduct against a

standard which the court has set and that standard should be set only after an intelligent appraisal of the respective duties of the motorist and the pedestrian under such circumstances.

If it is to be held that the pedestrian was negligent as a matter of law, that conclusion should be reached upon the ground that the evidence establishes that he violated the standard set by the court, not because a statute was violated (and as I pointed out in the *McConnell* case, this should be the rationale even if the court-made standard was influenced by the existence of the statute).

The cases in other jurisdictions provide little helpful analysis. However, there is respectable authority for the view that the duty to face the traffic applies only to pedestrians walking on the paved portion of the highway.[1] Even in those jurisdictions which hold that the plaintiff is negligent as a matter of law he nevertheless gets to the jury on the issue of last clear chance, causation, or justifiable violation.[2] In some of the cases the evidence supporting these issues seems inadequate suggesting that the courts, not being happy with a legislative imposed standard, ameliorate the strict standard by submitting to the jury issues not adequately suported by evidence.

Denecke, J., joins in this dissent.

---

[1] See e.g., Highland v. Chas. H. Lilly Co. et al, 175 Wash 507, 27 P2d 693 (1933). These cases generally reach this result upon the ground that the statute setting the standard applies only to pedestrians on the paved portion of the highway. Thus the standard which I have recommended in the present case is judicially established by these other courts through an interpretation of a statute.

[2] See cases cited in 2A Blashfield, Cyclopedia of Automobile Law and Practice, § 1416 (1951).