Argued April 5, affirmed May 11, 1966

## SMITH *v.* MOORE
414 P. 2d 346

*Bernard Jolles,* Portland, argued the cause for appellant. With him on the briefs were Franklin, Olsen, Bennett & DesBrisay, Portland.

*Eldon F. Caley,* Roseburg, argued the cause for respondent. On the brief were Long, Neuner, Dole & Caley, Roseburg.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, DENECKE and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

This is an action for damages for personal injuries arising out of an automobile accident which occurred on a public highway in Douglas county. After both parties had rested, the court ruled that the plaintiff was guilty of contributory negligence as a matter of law and directed the jury to return a verdict in favor of the defendant. Plaintiff appeals from the judgment entered on the verdict on the ground that under the evidence the issue of contributory negligence was a question of fact for the jury.

Plaintiff was a newspaper carrier. At 2:30 a.m. on December 8th, 1963, she was proceeding west on Melrose road delivering papers. It was a clear night. Just east of the point of impact there was a row of approximately eight houses all with their newspaper receptacles on the left hand or south side of the road. The shoulder on the south side of the road was three to five feet wide ending in a ditch. The shoulder on the north side of the road was six feet wide, as was plaintiff's car. The paved portion of the highway was 21 feet wide. Plaintiff pulled onto the left-hand shoulder of the road and while there inserted papers in two of the receptacles. As of the time she had delivered the second paper her car was stopped with its lights on facing west on the south side of the road, three feet of the car being on the shoulder and three feet on the paved portion of the highway. She then saw the defendant's vehicle approaching from the west and roughly 2500 feet away. She remained stopped until a head-on impact occurred between her vehicle and that of the defendant. Plaintiff estimated that she was stopped approximately ten seconds prior to impact.[1]

---

[1] Obviously, plaintiff's estimate of time or distance or both was not precise.

The defendant argues that the plaintiff was contributorily negligent as a matter of law because she was violating ORS 483.302 and ORS 483.306 (the meeting and passing statutes).

Plaintiff argues that these statutes are not applicable and that the statute involved is ORS 483.362, which provides:

"(1) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved, improved or main traveled portion of any highway, outside a business or residence district, when it is practicable to park or leave such vehicle standing off such portion of the highway; and in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than 16 feet upon the main traveled portion of the highway opposite such standing vehicle is left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon the highway."

We need not consider whether the meeting and passing statutes are applicable because, accepting plaintiff's version of the facts, she was guilty of contributory negligence as a matter of law in that she was in violation of ORS 483.362.

In *Townsend v. Jaloff,* 124 Or 644, 264 P 349, we held that a man who, during daylight hours, stopped his truck partly on the main traveled portion of the highway for the purpose of making a delivery was guilty of contributory negligence as a matter of law by violating the predecessor of ORS 483.362, which read: "No vehicle shall be parked on the main traveled portion of the highways of this state; * * *." Oregon Laws 1921, ch 371, § 2 (19), p. 712.

Plaintiff attempts to avoid the impact of *Townsend v. Jaloff,* supra, by pointing out that the present statute prohibits parking or standing on the main traveled portion of the highway only "when it is practicable to park or leave such vehicle standing off such portion of the highway." Viewed in a light most favorable to her, the facts do not bring the plaintiff within the purview of the exculpatory clause of the statute.

The plaintiff concedes that she could have stopped her car on the right side of the road—off the main traveled portion, crossed the highway on foot with her newspapers in hand and then re-crossed the highway. In *Dimick v. Linnell,* 240 Or 509, 402 P2d 734, we held that the danger to a pedestrian in crossing a 33½-foot wide highway twice on a dark and foggy night, was, as a matter of law, not sufficient to invoke the doctrine of "justifiable violation" of ORS 483.220.[2]

Plaintiff cites *Birks v. East Side Transfer Co.,* 194 Or 7, 241 P2d 120, as holding that violation of an ordinance similar to the statute in question here presented a jury question as to legal causation. An examination of that opinion shows that we there affirmed a judgment against defendant-appellant, whose truck was illegally parked, citing *Townsend v. Jaloff, supra,* with approval. The posture of the case on appeal was such that the question of whether the violation of the parking ordinance

(a) made the defendant responsible for plaintiff's injuries as a matter of law, or

(b) created a fact question on liability for the jury was not before the court.

---

[2] ORS 483.220. "Pedestrians, when using any highway outside of incorporated cities, shall use the left-hand side of such highway so as to leave the right-hand side free for vehicles passing in the same direction and for safety in meeting vehicles proceeding in the opposite direction."

Plaintiff also cites cases from other jurisdictions holding that the violation of statutes similar to ORS 483.362 do not, as a matter of law, bar recovery. Whether violation of such a statute results in an issue of law or of fact on the question of responsibilities flowing from such violation is a close and troublesome question. Recently we re-examined this question in *Dimick v. Linnell, supra,* and re-affirmed the principle enunciated in *Townsend v. Jaloff, supra,* saying:

"Plaintiff was walking in violation of the statute. The conditions under which violation of a statute will establish responsibility for injuries as a matter of law are as follows: (1) there must be a causal connection between the conduct which violates the law and the injury; (2) the party seeking to charge the other with violation of the statute must be a member of the class of persons intended to be benefited by the legislation; and (3) the harm which occurred must be the kind the statute was intended to prevent." 240 Or at 511.

No useful purpose would be served by again reviewing in detail the arguments pro and con.

The judgment of the trial court is affirmed.

McALLISTER, C. J., specially concurring.

I concur in the result of the majority opinion, but believe that it should be based on a holding that plaintiff violated ORS 483.302, and that such conduct, as a matter of law, contributed to her injuries. When plaintiff turned her vehicle to the left side of the highway, she had no intention to park, but intended (a) to drive west along the south side of the highway, pausing momentarily at intervals to insert a newspaper into a receptacle, and (b) to turn back onto the north side of the highway after the newspapers were delivered.

When plaintiff was delivering her papers, she was driving on the wrong side of the highway in violation of ORS 483.302, and as a matter of law her negligence contributed to her injuries.

I concur in the result.

DENECKE, J., specially concurring.

I hold the views expressed in the dissenting opinions of Mr. Justice O'CONNELL and me in *McConnell v. Herron,* 240 Or 486, 402 P2d 726 (1965), and *Dimick v. Linnell,* 240 Or 509, 402 P2d 734 (1965). However, the majority of the court has not accepted such views and, therefore, in deference to the majority, I concur.