Argued September 11, 1967, reargued January 2, reversed and remanded January 24, 1968

KELLYE, *Appellant, v.* GREYHOUND LINES, INC., *Respondent.*

BRUGMAN, *Appellant, v.* GREYHOUND LINES, INC., *Respondent.*

436 P. 2d 727

*William F. White,* Portland, argued the cause for appellants. With him on the brief were White, Sutherland & Gilbertson, Portland, and Jack Boggust, Brawley, California.

*John Gordon Gearin,* Portland, argued the cause for respondent. With him on the brief were James H. Clarke and McColloch, Dezendorf & Spears, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

The question is whether a pedestrian was contributorily negligent as a matter of law when he was struck and killed by a Greyhound bus. The trial court held that he was, and directed a verdict for the defendant in each of these consolidated cases.

The material evidence on the issue of contributory negligence is as follows:

Two young men were walking South on their left-hand side of a two-lane highway on a dark, misty night. They were facing northbound, or oncoming, traffic, as required by ORS 483.220. As they walked, side by side, they were laughing and talking. They were wearing dark clothing. The graveled shoulder of the road was about six feet wide and was reasonably smooth. One man was just off the paved portion of the highway, on the shoulder; the other, the deceased, was walking on the pavement. A dent in the front of the bus 32 inches from the left side, and other physical evidence, could have permitted the jury to find that the deceased may have been as much as four feet from the edge of the pavement toward the center line when he was struck. His companion said he was "about a foot" on the pavement. The bus struck the deceased from behind as it pulled out and accelerated to overtake and pass another vehicle also proceeding south. The driver saw the deceased when he put his head-

lights on high beam after passing, but this was too late to avoid hitting the deceased. The surviving pedestrian testified that just before the accident, while the two men were laughing and talking, the deceased had jostled the survivor playfully with his elbow and had been jostled in return.

Greyhound says that the position of the deceased on the highway, together with evidence of horseplay or inattention, made the deceased negligent as a matter of law.

As far as causation is concerned, no reasonable person could doubt that the deceased pedestrian's position on the paved portion of the highway was a contributing cause of the accident. The characterization of the pedestrian's placing himself in that position as negligent conduct, however, was a matter concerning which reasonable minds might differ.

The law requires a pedestrian to walk on the left side of the highway facing oncoming traffic. ORS 483.220; *Dimick v. Linnell*, 240 Or 509, 402 P2d 734 (1965); *Lemons et al v. Holland et al*, 205 Or 163, 284 P2d 1041, 286 P2d 656 (1955). The deceased was complying with the statute. We have been referred to no rule of law which requires pedestrians to remain on the shoulder at all times. While a careful pedestrian might anticipate that a vehicle coming from his rear could overtake and pass another vehicle moving in the same direction and thereby suddenly occupy the road space in which the pedestrian was walking, we cannot say categorically that the pedestrian's failure to anticipate and guard against such a possibility was negligence as a matter of law.

In *Lemons v. Holland*, supra, we held that a pedestrian struck near the center line of the highway was negligent as a matter of law, but the evidence in that

case showed that the pedestrian was struck in the lane which was the right-hand lane for the automobile. The *Lemons* case turned partly on the fact that the pedestrian, by walking in the right-hand lane, was violating a statute enacted to prevent the kind of accident that occurred and partly on the fact that there was no evidence of negligence on the part of the defendant. In *Dimick v. Linnell,* the pedestrian again was negligent as a matter of law. He was struck from the rear while walking on his right instead of his left side of the road.

In the case at bar, there was some evidence of negligence on the part of the defendant's driver. The deceased was on the side of the road he was entitled to use. There was evidence that the deceased was negligent, but the evidence was not so conclusive that a jury would be unreasonable if it found otherwise.

Reversed and remanded.

O'CONNELL, J., dissenting.

Although the deceased was facing the oncoming traffic and was not, therefore, violating ORS 483.220, I think that under the circumstances of this case he was contributorily negligent as a matter of law. There are occasions when a pedestrian can walk on the highway with reasonable safety. But it is little short of suicide to be on the paved portion of a highway under the circumstances shown here. The road was relatively narrow; it was dark and misty; deceased was dressed in dark clothing; he was on the paved portion of the highway at a place where there was a reasonably smooth shoulder six feet wide suitable for walking. The jury could not reasonably find, on these facts, that the deceased exercised reasonable care for his own safety.

PERRY, C. J., joins in this dissent.