Submitted on record and briefs January 20, affirmed
February 4, 1970

ASPURIA, *Respondent, v.* MELLO, *Appellant.*

464 P. 2d 680

James C. Wilson, Jr., Central Point, and Ben Day, Medford, for appellant.

Alan B. Holmes, Robert G. Davis, and Holmes, James, Davis and Clinkinbeard, Medford, for respondent.

TONGUE, J.

This is an action for personal injuries to a pedestrian who was struck from behind by defendant's car as he was walking along his left side of a highway near Medford and after defendant had pulled out into the left lane of traffic to pass another car. The case was tried before the court, without a jury. Defendant appeals from a judgment for $15,000 in general damages and $8,981.05 in special damages, including $5,760 for charges by the Veterans' Administration for hospital and medical services.

Defendant assigns as error the findings of the court that defendant was negligent in failing to keep a proper lookout, in failing to yield the right-of-way and in attempting to pass another vehicle without

first ascertaining that he could do so in safety. Defendant also assigns as error the findings of the court that plaintiff was walking along the left-hand edge of the roadway when struck and that he was not guilty of contributory negligence. Finally, defendant assigns as error the award of $5,760 for hospital and medical services by the Veterans' Administration, as well as the award of $15,000 as general damages, contending that there was no evidence of "permanent disability or the degree and amount of pain and suffering".

■ As in an appeal from a judgment based upon a jury verdict, plaintiff is entitled to the benefit of all the testimony favorable to him, together with all favorable inferences from such testimony. *Gordon Creek Tree Farms, Inc. v. Layne et al*, 230 Or 204, 218, 358 P2d 1062, 368 P2d 737 (1962).

■ Viewing the record in this light, there was ample testimony from which the court, as trier of the facts, was entitled to believe that on January 10, 1967, at about 6:10 o'clock p.m., plaintiff was walking down the left side of a straight stretch of highway, facing the traffic on that side of the highway. It was dark, but dry and clear, and plaintiff was wearing light gray trousers and a blue sweater. He was walking along about three feet "into the highway from the graveled shoulder" where he was hit from the rear by defendant's car.

There was also testimony that just prior to the accident defendant had undertaken to pass another car and that, in doing so, he pulled out into the left lane of traffic to pass, with his lights on "low beam" and did not see plaintiff until he "got alongside the car and then I turned to high beam lights and that's when I saw Mr. Aspuria". At that time plaintiff was only

"a car length or two" ahead. Defendant testified that he tried to swerve to the right, but nevertheless hit plaintiff. After the accident plaintiff was found lying on the edge of the pavement, with his right leg bleeding badly.

Following the accident, surgery was performed on plaintiff's leg and he was in Providence Hospital for 56 days. He was then transferred to the Veterans' Hospital and was there for 128 days as a result of the same injuries. For that treatment the Veterans' Hospital submitted a "statement of charges" to plaintiff for $5,760, which included board, room, medication and nursing care, computed on a per diem basis at $45 per day, which was stipulated to be "a reasonable charge for the government to make".

Based upon the foregoing testimony, there was ample evidence to support the finding by the trial judge that defendant was negligent either in failing to maintain a proper lookout, in failing to yield the right-of-way or in attempting to pass without first ascertaining that the movement of his vehicle could be made in safety, any one of such specifications of negligence being sufficient to support the judgment in this case. In the absence of a motion to withdraw any of such specifications and in the absence of a jury, as in this case, it is not necessary to determine whether it would have been proper to submit each of such specifications to a jury and, in this case, whether the court could properly consider each and all of such specifications of negligence.

Similarly, there was ample evidence in this case to support the finding of the trial court that defendant failed to prove that plaintiff was intoxicated or otherwise guilty of contributory negligence.

Defendant cites *Lemons v. Holland,* 205 Or 163, 284 P2d 1041 (1955) in support of his contentions to the contrary. In that case, although a judgment for the death of a pedestrian was reversed by this court, the defendant was not attempting to pass another vehicle going in the same direction and had not pulled out into the left lane of traffic, as in this case, but had just passed another vehicle going in the opposite direction, during which defendant's vehicle remained in its right and proper lane of traffic. Also, in that case, plaintiff's decedent was not walking on his left side of the highway, facing approaching traffic, as in this case, but was apparently walking in his right lane of traffic, about three feet from the center line, in violation of ORS 483.220, and this court so distinguished that case in *Kellye v. Greyhound Lines,* 249 Or 14, at 17, 436 P2d 727 (1968).

Indeed, in *Kellye v. Greyhound Lines,* under even more extreme facts, this court reversed a directed verdict for defendant in a case in which plaintiff's decedent, on a dark and misty night, wearing dark clothing, was walking along the left side of the highway, facing traffic (as in this case). In addition, in that case plaintiff's decedent, just before the accident, was jostled by a companion with whom he had been engaging in "horseplay" and "may have been as much as four feet from the edge of the pavement toward the center line when he was struck". In reversing the trial court, it was held by this court, at p 16:

> "The law requires a pedestrian to walk on the left side of the highway facing oncoming traffic. ORS 483.220; Dimick v. Linnell, 240 Or 509, 402 P2d 734 (1965); Lemons et al v. Holland et al, 205 Or 163, 284 P2d 1041, 286 P2d 656 (1955). The deceased was complying with the statute. We

have been referred to no rule of law which requires pedestrians to remain on the shoulder at all times. While a careful pedestrian might anticipate that a vehicle coming from his rear could overtake and pass another vehicle moving in the same direction and thereby suddenly occupy the road space in which the pedestrian was walking, we cannot say categorically that the pedestrian's failure to anticipate and guard against such a possibility was negligence as a matter of law."

Defendant contends on appeal that "there is no evidence that plaintiff was walking westerly or any other direction at the moment of impact", or to show that he was not "merely standing", and that there was evidence that he was not only intoxicated, but was also "disorientated", in view of his testimony that he was ten feet off the highway on the shoulder when hit and that he was hit from the "front".

■ On trial, however, defendant's attorney conceded in his opening statement that plaintiff was "walking along the edge of the highway—the paved portion" and that he was "walking along facing the approaching traffic" when hit by defendant's car. Also, while plaintiff may have been confused as to his position when hit by defendant's car, there was testimony from which the court could properly find that he was not intoxicated at that time.

It is true that plaintiff admitted drinking "two shots" of whiskey earlier that afternoon. The state police officer, however, although testifying that plaintiff had liquor on his breath, made no tests or observations so as to enable him to express an opinion that plaintiff was intoxicated. There was also testimony that he was lucid and able to answer questions coherently, despite shock and considerable pain.

Thus, there was ample testimony from which the trial court could properly find that when plaintiff was hit he was walking along the left side of the highway, approximately three feet from the edge of the pavement, and that he was not guilty of contributory negligence in doing so, under the rule of *Kellye v. Greyhound Lines, supra.*

Defendant's contention that the court erred in awarding as special damages the sum of $5,760, represented by the "statement of charges" by the Veterans' Administration for hospital and medical services, is also without merit. It is defendant's contention that no bill was ever submitted by the Veterans' Administration to plaintiff and that under Title 42 USCA § 2651 the United States had the right to recover for such services in an action by it against defendant, with the result that any such claim must have been made by the United States, as the real party in interest.

It appears from the record, however, that a "statement of charges" was submitted to plaintiff by the Veterans' Administration in the sum of $5,760 for board, room, medication and nursing care. It also appears that plaintiff specially pleaded that "claim" of the Veterans' Administration in an amended complaint, to which defendant made no objection by motion or otherwise and to which defendant filed no demurrer or answer. Furthermore, while defendant objected to the "statement of charges" of the Veterans' Administration, when offered in evidence, it was stipulated that the amount of the statement "was a reasonable charge for the government to make" and the only objection was that "this is a subrogation matter based on tort and the government could only recover their

actual out-of-pocket expenses", without "overhead" or "doctor's charges".

■ Thus, even if no bill had previously been submitted by the Veterans' Administration to plaintiff and even if it did not intend to collect for such services from plaintiff, the result must be the same in this case. This is because any objection to the claim of the Veterans' Administration, as pleaded in plaintiff's amended complaint, on the ground that it was the real party in interest, was waived by the failure of defendant to demur, move to strike, or file an answer to that pleading. ORS 16.330. See also *Hann et al v. Nored*, 233 Or 302, 307, 378 P2d 569 (1963); *Rorvik v. North Pacific Lumber Co.*, 99 Or 58, 94, 190 P2d 331, 195 P 163 (1921).

■ Defendant's final contention that the award of $15,000 in general damages was error in the absence of evidence of permanent disability or the degree and amount of pain and suffering is even more clearly without merit, particularly in a case in which plaintiff was hospitalized for 185 days. See *Van Lom v. Schneiderman*, 187 Or 89, 210 P2d 461 (1949). In addition, the trial judge in this case had the opportunity to inspect plaintiff's injured right leg, which was exhibited to the court for examination.

It follows that the judgment of the trial court must be affirmed.