Argued January 6, reversed February 10, 1971

McLAIN, *Respondent, v.* LAFFERTY,
*Appellant.*
480 P2d 430

554

*James E. Griffin,* Portland, argued the cause for appellant. With him on the briefs were Williams, Montague, Stark, Hiefield & Norville, P.C., Portland.

*Robert J. Morgan,* Milwaukie, argued the cause for respondent. With him on the brief were Erlandson & Morgan, Milwaukie.

TONGUE, J.

This is an action for personal injuries sustained by the driver of a school bus when it was hit from the rear by defendant's car. Defendant appeals from a judgment of $6,444.85 for plaintiff, contending that plaintiff was contributorily negligent as a matter of law.

At the time of the accident plaintiff was transporting school children from school to their homes and had stopped in the right traffic lane of a two-lane highway to discharge school children. The place where the bus was stopped was at an intersection on Highway 224 north of Estacada, at the foot of a downhill curve. There was ample room at that intersection for plaintiff, as the driver, to stop the bus completely off the paved portion of the highway. Instead, and in accordance with instructions, plaintiff stopped the bus in the right lane of traffic because one of the children to be discharged at that place lived on the left side of the highway, so as to cross the highway in front of the bus as it was stopped on the highway, with its lights flashing.

The question is thus presented whether the regulations of the Oregon Department of Education, under which these instructions were given (as set forth below) conflict with the limitations imposed by statute upon the stopping and parking of vehicles on highways and, if so, whether such regulations are valid or invalid. Thus, defendant contended on trial by motion for involuntary nonsuit, motion for directed verdict, exceptions to instructions and other objections that these regulations are invalid and that plaintiff was contributorily negligent as a matter of law.

ORS 485.050 provides that the Department of Education, "* * * subject to * * * any other statute

\* \* \* relating to safety of operation \* \* \*" shall issue regulations relating to the safety of operation of school busses. Accordingly, the 1968 Revised Oregon School Bus Drivers Manual was issued and includes Regulation No. 19, which provides:

"a. *When pupils must cross the highway* to board or *after leaving the bus, the driver shall* actuate the flashing red warning lights for a distance of approximately 300 feet to warn traffic that the bus is stopping. He shall *stop the bus in the right-hand traffic lane.* The lights shall remain flashing until all pupils have safely crossed the highway. \* \* \*" (Emphasis added)

In addition, ORS 485.020, also relating to the operation of school busses, provides:

"(1) (a) Except as provided in subsection (2) of this section, *when a driver of a motor vehicle* meets or *overtakes a school bus which is stopped on a public highway or a shoulder thereof* and on which is operating a flashing red warning light that is visible to the driver, *the driver shall stop the vehicle* before reaching the point described in paragraph (b) of this subsection and shall remain stopped so long as the flashing red warning light is operating.

"(b) The point mentioned in paragraph (a) of this subsection is, in the case of:

"\* \* \* \* \*

"(B) Overtaking a school bus while proceeding in the same direction as that of the school bus, the rear of the bus, or any point in the highway extended from the rear of the bus across and at right angles to the center line of the highway." (Emphasis added)

The Oregon Motor Vehicles Act, however, provides by ORS 483.362 as follows:

"Parking vehicle on highway outside of business or residential district. (1) *No person shall park*

*or leave standing any vehicle, whether attended or unattended, upon the paved, improved or main traveled portion of any highway,* outside a business or residence district, *when it is practicable to park or leave such vehicle standing off such portion of the highway*; and in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than *16* feet upon the main traveled portion of the highway opposite such standing vehicle is left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon the highway.

"* * * * *

"(3) *This section does not apply* to the driver of any vehicle which is disabled while on the paved, improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the vehicle in such position, or *to emergency cars or vehicles of the police, traffic or sheriff's office, or the fire department, or ambulances,* where such vehicles at the time are actually used in an emergency which necessitates a violation of this section." (Emphasis added)

In asserting the validity and controlling effect of Regulation No. 19 plaintiff contends that:

"* * * for the purposes of this case ORS 483.362 and ORS 485.020 and ORS 485.050 as enlarged by the 1968 Revised Oregon School Bus Drivers Manual are in some conflict. The statutes are in conflict in that ORS 483.362 provides that no person shall leave any vehicle upon the paved or improved portion of any highway, while ORS 485.020 authorizes a school bus to be stopped on a public highway and ORS 485.050 which enables the board of education to develop certain rules which in this case provide that the driver of a school bus must stop

on the traveled lane of the highway where people have to cross over the roadway."

Plaintiff also contends that ORS 485.020 is not only in conflict with ORS 483.362, but is a "special statute dealing with a particular subject" and that ORS 485.020, together with Regulation No. 19, are thus "controlling over statutes of general application," including ORS 483.362.

The validity of these contentions depends upon the validity of the underlying assumption that ORS 485.020 "authorizes a school bus to be stopped on a public highway" and for that reason is in conflict with ORS 483.362, which provides that "no person shall park or leave standing any vehicle, whether attended or unattended, upon the paved, improved or main traveled portion of any highway * * * when it is practicable to park or leave such vehicle standing off such portion of the highway," among other limitations.

■ It is, of course, a cardinal rule of statutory construction that when it is contended that two statutes are in conflict the statutes must, whenever possible, be construed together and in such a manner as to be consistent, rather than in conflict, thus giving effect to both statutes.

■ As we read ORS 485.020, it does not authorize the driver of a school bus to stop the bus on a public highway. Instead, it sets forth the duties of the drivers of a motor vehicle overtaking a school bus stopped "on a public highway or a shoulder thereof." Moreover, the provisions of ORS 485.020(1)(b)(B), to the effect that one overtaking a school bus shall stop before reaching a "point in the highway extended from the rear of the bus across and at right angles to the center line of the highway," makes sense only when the bus

being overtaken has stopped on the shoulder and off the paved, improved or main traveled portion of the highway.

Similarly, ORS 483.362 does not completely prohibit the stopping of motor vehicles on public highways. Instead, it sets forth the conditions under which motor vehicles may, and may not, be stopped on public highways.

■ It follows that the two statutes are not necessarily in conflict. The more specific question, however, is whether the limitations of ORS 483.362 upon the stopping of motor vehicles on highways can be properly held to be applicable to school busses.

It is thus of interest to note that ORS 483.362 specifically provides that its provisions shall not apply to:

"* * * emergency cars or vehicles of the police, traffic or sheriff's office, or the fire department, or ambulances, where such vehicles at the time are actually used in an emergency which necessitates a violation of this section."

Had the legislature intended to exclude school busses from the application of ORS 483.362 we believe that it would have added them to this list of the vehicles which it specifically excluded from the application of this statute.

Since we thus hold that ORS 483.362 applies to school busses and that ORS 485.020 does not authorize the drivers of school busses to stop them on public highways, the remaining question is whether Regulation No. 19 of the 1968 Revised Oregon School Bus Drivers Manual, which purports to do so, is a valid regulation.

■ It is elemental that an administrative agency

cannot authorize, by regulation, the performance of an act which is prohibited by statute, at least unless the administrative agency is specifically authorized by statute to issue such a regulation, in which event the act permitted by the regulation would not be an act prohibited by statute.

■ ORS 485.050 authorizes the Department of Education to issue regulations governing school busses and drivers. It does not, however, authorize the Department to issue regulations which would permit such drivers to perform acts which are otherwise prohibited by statute, including the motor vehicles statutes of this state. On the contrary, ORS 485.050 expressly provides that the regulations to be issued relating to the safety of operation of school busses shall be "subject to ORS 482.630 or any other statute or regulation pursuant thereto relating to safety of operation * * *"

It follows that to the extent that Regulation No. 19 purports to authorize school bus drivers to stop on highways in any manner contrary to the limitations imposed by ORS 483.362, that regulation is invalid.

■ It may be, as contended by plaintiff, that Regulation No. 19 "makes good sense from a safety standpoint," in that the stopping of a school bus on a highway with its red warning lights flashing may provide a "safety shield" for the crossing of the highway by school children. On the other hand, the clear purpose of ORS 483.362, as stated by this court in *Townsend v. Jaloff,* 124 Or 644, 651, 264 P 349 (1928), is "to safeguard the traveling public against dangerous obstructions upon the thoroughfares of the state."

It is for the legislature, rather than the courts, to resolve these questions of public policy as they involve

the stopping of school busses to pick up or discharge school children on the way to or from school.

■ Since, for these reasons, we are constrained to hold that Regulation No. 19 is invalid insofar as it is inconsistent with the limitations imposed by ORS 483.362, and since the evidence in this case is uncontradicted that plaintiff stopped his bus on the highway in a manner contrary to the provisions of that statute, it follows that in doing so he was contributorily negligent as a matter of law.

■ It remains true that a motorist who overtakes a school bus that has stopped, with its red warning lights flashing, must also stop, in accordance with the requirements of ORS 485.020, regardless of whether the bus has stopped on the highway in violation with the requirements of ORS 483.362. However, a school bus driver who stops on the highway in violation of the terms of that statute, as in this case, will be held to be contributorily negligent in the event that the bus is struck in the rear by an overtaking vehicle, resulting in injuries to the bus driver, as in this case.

It should also be noted that no contention is made by plaintiff that by stopping the school bus on the highway to discharge school children he did not "park or leave standing" the school bus on the highway within the meaning of ORS 483.362. Such a contention, however, was resolved adversely to plaintiff by this court in *Smith v. Moore*, 243 Or 413, 414 P2d 346 (1966).

Finally, plaintiff does not deny on this appeal defendant's contention that his stopping of the school bus on the highway was a proximate cause of the accident. It thus follows, for all of these reasons, that

the trial court erred in denying defendant's motions for nonsuit and directed verdict.

Reversed.

DENECKE, J., specially concurring.

I concur rather than dissent because the plaintiff does not contend that if the statute were applicable and was violated, such violation would not constitute negligence per se. I am of the opinion that it would not.

This decision is an apt illustration of the fallacy of holding that a violation of a criminal traffic law precludes one from recovering in a civil damage action. See Mr. Justice O'CONNELL's dissent in *McConnell v. Herron*, 240 Or 486, 494, 402 P2d 726 (1965). The Department of Education directed that for safety purposes a school bus should be stopped in the right-hand lane of traffic. The legislature, however, had previously provided that it was a crime for any vehicle to stop upon the highway. We are deciding that the plaintiff acted unsafely as a matter of law although he did precisely what the safety regulation directed him to do.

O'CONNELL, C. J., dissenting.

It is my opinion that ORS 485.020 was intended to be an autonomous statute dealing with the operation of school busses in relation to the safety of the children transported by school bus and that ORS 483.362 was not intended to control in those circumstances. It is provided in ORS 485.050 that the Department of Education has the power to implement ORS 485.020 by adopting regulations relating to the safety of the operation of school busses. In my opinion Regulation 19, adopted by the Department, was within the authority granted to it under ORS 485.050.

HOWELL, J., joins in this dissent.