342

GERARDO RAMOS OPPENHEIMER, ETC., ET AL., demandantes-recurridos y recurrentes, *v.* WILFREDO LEDUC MALDONADO, ESTADO LIBRE ASOCIADO DE PUERTO RICO y AUTORIDAD DE LOS PUERTOS DE PUERTO RICO, demandados-recurrentes los dos últimos.

*Números:* R-72-41,      *Resueltos:* 5 de febrero de 1975
R-72-42,
R-72-44

*Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Subprocurador General, Peter Ortiz, Subprocurador General Interino y Magda E. Haydar, Procuradora General Auxiliar,* abogados del Estado Libre Asociado de Puerto Rico; *Vivas, Martínez-Texidor & Limeres,* abogados de la Autoridad de los Puertos de Puerto Rico; *Héctor Lugo Bougal, Delia Lugo Bougal, Delia María Auffant y Mario Edmundo Vélez,* abogados de los demandantes-recurridos y recurrentes.

PER CURIAM: El 4 de agosto de 1968 un joven de 14 años murió arrollado por un automóvil que tomaba parte en una carrera clandestina que celebraban, sin permiso y en violación de los reglamentos de la Autoridad de los Puertos. Los padres y los hermanos del occiso demandaron en daños y perjuicios al conductor del vehículo que lo arrolló, a la Autoridad de los Puertos y al Estado Libre Asociado. Obtuvieron sentencia que

totaliza $30,000. Recurrieron de dicha sentencia el Estado Libre Asociado, la Autoridad de los Puertos y los demandantes. Los primeros dos solicitaron la revocación y los últimos solicitan aumento.

Procede revocar. La actividad que se llevaba a cabo cuando murió el occiso era ilegal; ni el Estado ni la Autoridad de los Puertos la patrocinaban. Por el contrario, estaba prohibida. "En abierta violación de ley" la caracterizó el propio juez de instancia en su opinión.

El reglamento, hecho bajo autoridad de ley, que cubre los aeropuertos prohíbe (1) que se operen vehículos dentro del área de operaciones—lo cual incluye la pista—de los aeropuertos (23 R.&R.P.R. sec. 463–25); (2) prohíbe también que persona alguna no autorizada entre a las pistas (23 R.&R.P.R. sec. 463–114). Las mencionadas disposiciones se aplican expresamente al aeropuerto de Santa Isabel, donde ocurrieron los hechos. 23 R.&R.P.R. sec. 463–215. Además, las violaciones a dichas disposiciones constituyen delito público y sus violadores podrán ser castigados con multa no mayor de $10,000 o cárcel pero no más de dos años o con ambas penas, a discreción del tribunal. 23 R.&R.P.R. sec. 463–216 y 23 L.P.R.A. sec. 469.

Al entrar sin autorización y en violación de la ley a la pista del aeropuerto, el occiso estaba cometiendo un delito o una falta pública. Era un intruso en el lugar. El occiso encontró la muerte al colocarse dentro de la pista en el preciso momento en que competían los carros que allí corrían. Se puso a mirar unos automóviles que habían pasado sin prestar atención a los que venían detrás. Como puede verse, el accidente se debió a la propia imprudencia y negligencia del occiso. Ya a los 14 años un joven de la sociedad contemporánea sabe del peligro que constituye un automóvil en marcha si uno está frente a él.

No tiene validez el argumento de que a la policía se le avisó y no fue a detener la competencia. Para aquella época el

puesto de la policía de Santa Isabel tenía 16 policías. Con ese personal se cubrían tres turnos de ocho horas diarias, incluyendo vacaciones. Durante las horas del día había sólo dos policías disponibles en servicio—uno en el retén y otro en la calle. Para la fecha de los hechos se celebraban en Santa Isabel unas primarias. Constituían dichas primarias una actividad lícita, que atrae considerable número de personas y en donde se necesitaba la policía. Pero independientemente de esa situación específica, la verdad es que el Estado no puede tener policías presentes, a todas horas, en todos los lugares en Puerto Rico en que es ilegal, pero físicamente posible, celebrar una carrera de automóviles. También la policía, al recibir llamadas tiene que atender éstas según su importancia y según sus medios. Para ello tiene que ejercer discreción el oficial a cargo del puesto. Los medios de la policía no son infinitos. El oficial no puede adivinar los acontecimientos futuros. No abusó de su discreción al decidir que las primarias tenían prioridad.

Además, la posición de los demandantes sobre el argumento de la no presencia de la policía en el lugar de los hechos no tiene validez. El argumento del recurrido sobre el particular puede reducirse a lo siguiente: que quien se dirige a cometer un delito o falta pública prohibida por la ley y se estropea o daña en alguna forma al cometerlo, tiene derecho a ser compensado por el Estado porque éste no le impidió físicamente el cometer dicho delito o falta. Esta es una tergiversación del Art. 1802 que no estamos dispuestos a aceptar. Va contra el sentido común y contra la moral pública. Es obligación de todo ciudadano obedecer la ley. Para que la ley tenga vigencia—por lo menos en el campo de la moral y del derecho —no es requisito indispensable que esté presente la fuerza pública en todo lugar y momento para impedir físicamente que se viole. La sociedad organizada políticamente decreta la legislación en el interés público y de ahí en adelante es deber del ciudadano obedecerla, a menos que se haya determinado por

tribunal competente que dicha legislación es inconstitucional. No se trata en este caso de eso.

■ Las antes citadas disposiciones del Reglamento de los aeropuertos que prohíben operar vehículos dentro del área de operaciones del aeropuerto y que prohíben penetrar en las pistas, están hechas para proteger a las personas de su propia imprudencia. Es claro, y está resuelto, que cuando se violan las disposiciones de ley y de reglamento hechas para la protección de las personas, quien viola dichas disposiciones y resulta perjudicado no puede recobrar del Estado. La violación de dichas reglamentaciones constituye negligencia. *Leap* v. *Royce*, 279 P.2d 887, 891 (1954); *Brown* v. *Jennings*, 154 N.E.2d 154, 156 (1958); *Dimick* v. *Linnell*, 402 P.2d 734, 736 (1965). Además véanse Prosser, *Law of Torts*, 4ta. ed. (1971) pág. 203 y 2 Harper and James, *The Law of Torts* (1956) pág. 997.

*Se revocará la sentencia recurrida en cuanto a los recurrentes Autoridad de los Puertos y Estado Libre Asociado.*

El Juez Presidente, Señor Trías Monge, concurre en el resultado.