Argued May 1, affirmed October 3, 1978

# COLLIER CARBON AND CHEMICAL CORPORATION, *Respondent,*
## *v.*
# PERDUE et ux, *Appellants.*
## (TC L-4043, SC 25143)
### 584 P2d 758

Roy Kilpatrick, Mt. Vernon, argued the cause and filed a brief for appellants.

Ralph G. Monson, Baker, argued the cause and filed a brief for respondent.

LINDE, J.

**LINDE, J.**

Defendants appeal from a judgment for damages suffered by plaintiff when it had to return property bought from defendants to the true owners of the property. The trial court summarized the facts in a memorandum opinion, as follows:

> In this case, the evidence was such that the jury could find that Feed Service, Inc., an Idaho corporation, purchased, in October of 1973, four storage tanks from defendants for $2,800. The storage tanks were actually owned by Goodman Oil, and subsequently Goodman filed suit against plaintiff and defendants. Plaintiff was made a party to the suit filed by Goodman Oil after it was discovered that plaintiff had purchased Feed Service, Inc. and that plaintiff was in possession of the storage tanks. In settlement of this suit, plaintiff delivered the storage tanks in its possession to Goodman Oil. Thereafter, plaintiff filed an action against defendants to recover the sum initially paid for the storage tanks.

Defendants' only argument on appeal, raised below by a motion for involuntary nonsuit at the close of plaintiff's case, is that plaintiff Collier Carbon and Chemical Corporation did not prove that it stood in the shoes of Feed Service, Inc., which had originally bought the storage tanks from defendants.

The testimony on how Collier succeeded to Feed Service's claim was that in 1969 Collier started to purchase Feed Service, Inc., over a 5-year period, and that "on January 1st, 1974, Feed Service, Incorporated, was dissolved and at that time, was wholly owned by Collier Carbon and Chemical." The trial court rightly described this as "limited" evidence on the manner in which plaintiff acquired Feed Service's assets, but concluded that the jury could find that it was by acquisition of the stock of Feed Service, Inc., and a subsequent merger. The parties differ in their characterization of this issue on appeal. Defendants characterize their contention as a failure of proof that plaintiff succeeded to Feed Service's claim. Plaintiff contends that this amounts to challenging whether

Collier Carbon and Chemical Corporation was the real party in interest, *see* ORS 13.030, an issue which under ORS 16.330 is waived if not raised by demurrer, motion to strike, or answer. *Aspuria v. Mello,* 255 Or 128, 135, 464 P2d 680, 683 (1970). Defendants' sole responsive pleading in this case is their answer, which reads, *in toto:*

> For answer to plaintiff's complaint, defendants deny it.

We agree with plaintiff. If there was any failure of proof, as the defendants contend, it concerned the question of Collier Carbon and Chemical Corporation's right to Feed Service, Inc.'s, claim against defendants, *i.e.,* whether Collier was the real party in interest. That issue could not be raised for the first time at the time of the motion, the denial of which is assigned as error here. In any event, as the trial court stated, the jury could find that Collier Carbon and Chemical Corporation succeeded to Feed Service, Inc., by acquisition and dissolution of that company before this action was brought.

The judgment is affirmed.